## TOWNSEND *against* AUGER.

Though a court of chancery will usually cause all persons principally interested in the subject of a suit to be made parties ; and though the want of proper parties is ground of refusing to proceed to a decree ; yet the court is not bound to call in a party having merely a possible interest, and not necessarily affected by the decree. Therefore, where *A.* exhibited a bill against *B*, his late partner, for an account, after answer by the defendant, and a reference to a committee, it appeared from the report of such committee, that *C.* was jointly interested with *A.* in his share of the capital stock, and of the profit and loss, which fact, although not within the knowledge of *B.*, during the existence of the copartnership, was known by him, before the commencement of the suit ; it was held to be no objection to a decree in favour of *A.*, that *C.* was not a party to the bill.

This was a bill in chancery, praying for an account. The bill stated, that on the 26th of *March*, 1814, *Isaac Townsend*,

the plaintiff, *Hezekiah Auger*, jun., the defendant, and *Eldad Atwater*, entered into copartnership, in the purchase and vending of merchandize, under the firm of *Auger, Atwater* & Co. with a capital stock of 6,500 dollars; that the business was continued under that firm, until the 9th of *January*, 1815, when it was, by mutual consent, dissolved, *Atwater* withdrawing from it; that the plaintiff and defendant purchased *Atwater's* share of the stock, amounting to 2000 dollars, and continued the business, under the firm of *H. Auger* jun. & Co. being equally concerned in the profits and loss thereof, until the 14th of *December*, 1816, when the last-mentioned copartnership was dissolved; that there were credits and property, to a large amount, belonging to the firm, and remaining undivided; that the firm was largely indebted, and was insolvent; and that the plaintiff has been compelled to pay many debts of the firm, on account of which there was a large sum of money due to him from the defendant.

To this bill the defendant filed his answer, stating certain facts, the truth of which the plaintiff, in his replication, denied. The court appointed a committee to make full enquiry into the facts stated in the bill, and to do whatever might be necessary to enable the court to grant the relief prayed for. This committee took the accounts of the parties, and found a balance in favour of the plaintiff of 1635 dollars, 48 cents. In stating the facts, from which they had deduced this result, the committee remarked, " That *Kneeland Townsend* was a secret partner, equally interested with the plaintiff in the stock furnished by him, and in the profit and loss arising thereon; which fact was not then known by the defendant, but was known by him before the institution of the suit." The defendant remonstrated against the acceptance of the report, on the ground that *Kneeland Townsend* ought to have been made a party to the bill, and to the proceedings of the committee. This question was reserved for the opinion of all the Judges.

*N. Smith* and *Hitchcock*, for the plaintiff, contended, That it was unnecessary and improper to make *Kneeland Townsend* a party to the bill:

1. Because he was not a partner in the firm of *H. Auger* jun. & Co.; and therefore, is not entitled to call the members of that firm to account with him, nor can he be compelled to ac-

*New-Haven,*
*July,*
1820.

Townsend
*v.*
Auger.

*New-Haven,*
*July,*
*1820.*

*Townsend*
*v.*
*Auger.*

count to them.   *Coop. Eq. Plead.* 174. 196.   1 *Chitt. Plead.* 8. 31.

2. Because he was a secret partner with the plaintiff, and is bound by his acts; so that a complete decree may be made between the present parties.   1 *Har. Chan. Prac.* 76, 7. 82. *Coop. Eq. Plead.* 39. & seq.   *Id.* 182. & seq.   Besides, the defendant cannot object that *Kneeland Townsend* is not a party, because all his contracts are with the plaintiff only, and he is found in arrear to the firm, and to his partner.   *Coop. Eq. Plead.* 176.   *Leveck* & al. v. *Shaftoe*, 2 *Esp. Rep.* 468.

3. Because the defendant, by answering the bill, had waived the objection.   1 *Har. Chan. Prac.* 413. 276.   *Coop. Eq. Plead.* 289.

*Staples* and *L. E. Wales*, for the defendant, contended, 1. That as *Kneeland Townsend* was a partner in the concern, he ought to be a party to the bill.   He is not bound by the report of the committee, nor would he be, by a decree.   *Coop. Eq. Plead.* 36, 7.   The general rule is, that all parties interested must be before the court, that the whole concern may be settled; and also the accounts of the several partners respectively.   *Coop. Eq. Plead.* 33, 4–6. 185.   *Mitf.* 145.   2 *Madd. Chan.* 142.   The only exception to this rule, is, in cases of creditors, legatees, &c.   But even here, if all the parties are known, they must be joined in the bill.   *Coop. Eq. Plead.* 39. 40.   And the bill must expressly state, that it is on behalf of all others who may come in.

2. That the objection to want of proper parties may be made in this stage of the cause.   The court will not proceed to a decree, until the proper parties are before it.   *Coop. Eq. Plead.* 33.   2 *Madd. Chan.* 142.

HOSMER, Ch. J.   I should have no doubt had this enquiry been made at an early stage of the proceeding, that *Kneeland Townsend* ought to have been made a party, as well to prevent future litigation, as to settle, at a stroke, the rights of all concerned.   It is not necessary that he should have been a copartner with *Auger.*   Chancery will usually cause all persons principally interested to be made parties, to do complete justice, by embracing the whole subject, and settling the rights of all persons concerned in the matter of the suit; and thus making the decree of the court perfectly safe to those who are

to obey it.    *Coop. Eq. Plead.* 33.    Nor is the interference of the court precluded by the defendant's answer.    When a cause comes on to a hearing, the objection that proper parties are wanting is admissible, or the court may refuse to proceed to a decree until this is done.    *Coop. Eq. Plead.* 33.    But the court is not bound to call in a party, who has a possible interest.    " The general rule," said Chancellor *Kent,* in 1 *Johns. Chan. Rep.* 350.  " requiring all persons interested to be parties, ought to be restricted to cases of parties to the interest involved in the issue, and *necessarily* to be affected by the decree."    It is, besides, a rule adopted for convenience merely, and is dispensed with, when it becomes extremely difficult or inconvenient.    *Adair* v. *New-River* Co. 11 *Ves.* 429.

Now, *Kneeland Townsend* is not necessarily affected by the decree, in this case ; and it would be inconvenient, in a high degree, at the present stage of the cause, and unreasonable in favour of *Auger,* who seasonably might have made his objection, to cause the former person to be made a party.

The other Judges were of the same opinion.

Decree for the plaintiff.