## No. 10,799.

43 397
48 786

### MRS. MARY C. MASON VS. JAMES BENEDICT ET AL.

Plaintiff having been placed in possession of the realty, described in an act of
agreement to exchange, more than sixteen years ago.

Having delivered the property, she promised in exchange and executed a title
deed and placed it in possession of the owners, with whom she made the ex-
change. She has the right to be quieted in her title as owner of the property for
which she made the exchange, although the defendants refuse to execute a title
deed in accordance with the agreement to exchange.

The proceedings being virtually *in rem*, the defendants can be brought into court
by service on a *curator ad hoc*, appointed to represent the absent defendants,
who are concluded by the judgment, in so far as relates to the title to the prop-
erty, and the consideration which makes it legal.

APPEAL from the Seventeenth District Court, Parish of East Baton
Rouge. *Buckner, J.*

*J. & G. W. Burgess* and *Kernan & Laycock* for Plaintiff and Appellee :

An absentee may be validly cited, through a *curator ad hoc*, to answer in the court,
within whose territorial jurisdiction is situated property belonging to him,
when the purpose of the action is to enforce some real right against the prop-
erty, or to enforce a contract respecting the same; and in such cases attach-
ment is not necessary to vest the court with jurisdiction. Young vs. Upshur,
42 An. p. 362; Durruty vs. Mussacchia, 42 An. p. 357.

*Louis E. Droz*, Curator, *ad hoc*, for Defendants and Appellants :

An absent defendant can not be brought into court by substituted service on a
*curator ad hoc*, unless in the same suit, property of his is subjected to the con-
trol of the court by attachment. 35 An. 1184; 95 U. S., 714; 9 An. 34; 2 An. 562; 3
An. 101; 3 An. 417.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff institutes this action against the defendants
for specific performance of an agreement of exchange, dated 14th
day of October, 1874.

Mrs. Mason vs. Benedict et al.

By its terms, plaintiff agreed to exchange with the defendants, residents of the State of New York, certain real estate near Webster station, on the Missouri Pacific railroad, in the county of St. Louis, in the State of Missouri, for a certain plantation known as the "Audubon," situate in the parish of East Baton Rouge, and State of Louisiana.

The plaintiff bound herself to pay the mortgages and liens on the property transferred in exchange, and to pay defendants, on terms of credit, the sum of $10,000. In accordance with the agreement, she entered into possession on the —— day of ———, 1874, and is in possession since. She has made a deed transferring the property she bound herself to transfer in exchange.

The exchange never was consummated. The plaintiff alleges and has introduced evidence to prove that she has complied with the terms of the agreement, but that defendants have refused to comply.

In 1876 she placed them in default.

Decision is for plaintiff, from which the defendants appeal.

The defendants being absentees and not represented by agent, a *curator ad hoc* was appointed to represent them in pursuance of the provisions of Article 56 and other articles of the C. P., upon whom substituted service of citation was made.

The only defence he makes and the only issue presented, is the following:

That an absent defendant can not be brought into court by substitute service on a *curator ad hoc*, unless property is subjected to the control of the court by attachment.

Crops have been made and gathered, and plaintiff has exercised unquestioned all the rights of an owner these many years.

When called upon to execute a deed, defendants had promised to execute prior to March, 1876, or as soon thereafter as possible, they silently remained in default and made no attempt to comply with their obligation, and to carry out the agreement of exchange.

It is not to the interest of any one, nor the policy of the law, that the title to property should remain unsettled and undetermined so great a length of time.

If there be any cause to oust the plaintiff, and to set aside and annul the agreement of exchange, it should have been pleaded long since. The agreement having remained without objection of record, we conclude that plaintiff has title to the Audubon plantation, and

that the recital of the deed that " it is agreed to exchange the within described property, one for the other," on certain conditions, is binding on the defendants in so far only as relates to the property in this State, the title to which plaintiff prays to be recognized.

Contradictorily with a *curator ad hoc* we prefer to limit the effects of the decree to that property, and to especially reserve to the defendants any rights they may have, and to the plaintiff any rights she may have to set up in defence to any action defendants may bring for the recovery of claims other than the title settled by this judgment.

The defendants are bound, by the judgment appealed from, in so far as relates to the property described therein, and for which they have received property in exchange.

We are led to make that limitation from the fact that the evidence does not enable us to determine the rights of the parties further than above stated. Thus limited, the action becomes one strictly *in rem* and the absentees were validly cited, through a *curator ad hoc*, to answer in the court within whose territorial jurisdiction is situated the property belonging to them.

The purpose of the action is to enforce a real right against the property and to enforce a contract relating to it.

Attachment is not necessary to vest a court with jurisdiction.

In the leading case of Pennoyer vs. Neff, 95 U. S. 730, the Supreme Court announced the principle that substituted service of citation is effectual " when the action is in the nature of a proceeding *in rem*."

A non-resident can be brought into court by constructive service to perfect the title to real estate; otherwise a cloud upon it by a claim of a non-resident will never be removed, unless he chooses to consent to an adjudication. But no such imperfections attend the sovereignty of the State. It has control over property within its limits; and the condition of ownership of real estate therein, whether the owner be stranger or citizen, is subject to its rules concerning the holding, the transfer, liablility to obligations private or public, and the modes of establishing title thereto.

" It can not bring the person of a non-resident within its limits—its powers goes not out beyond its borders, but it may determine the extent of his title to real estate within its limits, and for the purpose of such determination may provide any reasonable methods of importing notice."

" The well being of every community requires that the title of real estate therein shall be secure." Arnolt vs. Griggs, 134 U. S.

The constructive service contemplated by certain articles of the Code of Practice is ample when complied with to give reasonable notice to an absentee, and until the contrary appears the court must presume that the attorney appointed to represent the absentees as *curator ad hoc* has complied with the law's requirements.

If the defendants were not absentees an action could compel them to deliver a deed in accordance with the terms of the agreement of exchange.

To that extent it would refer strictly to the property.

By constructive service, being absentees, they are made to comply with their obligation so far as relates to the property.

Delivery of the property has been made, and other conditions of the contemplated exchange complied with.

It only remains to determine whether the plaintiff has title to the property. This can be decided contradictorily with a *curator ad hoc;* the sole object of the suit is property within the court's jurisdiction.

In the case of Young vs. Upshur et. al., 42 An. 365, this court announced the governing principle to be that substituted service is legal and will bind defendants as to the property affected. "That a judgment pronounced thereon contradictorily with a *curator ad hoc* will bind the absentee defendant *quoad* the property in controversy."

The object of the proceedings was to define the *status* of the property in order to enforce a contract respecting it. The court decided: "He can not be reached by personal service, and we therefore hold that he was validly cited through service on the curator, and will be concluded by the judgment. Duruty vs. Mussacchia, 42 An. 360.

The judgment appealed from is limited to the title to the property. This leaves the other issues not affecting the title, which may arise, undecided, and secures as to them to the parties, their rights.

Judgment is therefore affirmed.