CHESTER W. BARNES, TRUSTEE, *vs.* TIMOTHY KELLY ET AL.

Second Judicial District, Norwich, October Term, 1898.  ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator gave all his property to his niece and her heirs forever, in
trust to furnish his wife a home during the latter's life, " together
with a comfortable support such as she has had with me; and in case
my said wife shall die before my decease, I give, devise and bequeath
all my said estate to my said niece and to her heirs forever." The
only property of the testator which remained after the payment of
debts, consisted of a farm worth a few hundred dollars and mort-
gaged for $245, and the widow had no other means of support. In
a suit to determine the construction of the will it was *held* that it
was the duty of the trustee to use the whole estate, principal and
interest, if necessary, in providing a comfortable support for the
widow during her life, and that her right to such support was not
conditioned upon her living upon the farm.

Ordinarily this court will decline to determine whether, under his will,
any part of the testator's property is intestate, unless all the per-
sons who would take the property in that event are made parties
to the suit.

Argued October 18th—decided November 29th, 1898.

SUIT to determine the construction of the will of Carl
Gerker of the town of Preston, deceased, brought to the Su-
perior Court in New London County and reserved by that
court, *Roraback, J.,* upon the facts stated in the complaint,
for the consideration and advice of this court.

The material facts are as follows: Carl Gerker died in
1887 leaving a will which, after providing for the payment of
his debts and funeral expenses and gravestone, contained the
following provision: "After such payments, I give, devise
and bequeath all my estate both real and personal to my be-
loved niece, Wilhelmina Gerker and to her heirs forever, in
trust following, *viz:* that she furnish my wife, Louisa Ger-
ker, a home during her natural life together with a comfort-
able support such as she has had with me and in case my said
wife shall die before my decease, I give, devise and bequeath
all my said estate to my said niece Wilhelmina and to her
heirs forever."

The said Wilhelmina, who was appointed executrix by the will, having refused to qualify, and having also refused to accept the trust to which she was appointed under the will, an administrator with the will annexed was appointed, and the plaintiff was appointed and qualified as trustee.

The personal property of the estate was sufficient for the payment of the debts, and the remainder of the estate consisted of a farm in the town of Preston, alleged to be of the value of more than $500 and which, at the time of Carl Gerker's death was, and still is, mortgaged to the Norwich Savings Society for $245.

Upon the death of the testator Wilhelmina took possession of the farm and retained possession of the same until 1895, when, after her marriage to one Zettler, she and her husband conveyed the same to the defendant Kelly by warranty deed, subject to said mortgage of $245 and to the conditions of Carl Gerker's will. In 1896 said Kelly conveyed said premises by warranty deed, subject to the same incumbrances and conditions, to the defendants Adam and Mary Romanowsky, who are now in possession of, and claim title to, said farm. Since the death of the testator said Norwich Savings Society has assigned said mortgage to the said Romanowskys, who claim to own said mortgage as distinct from their ownership of the equity of redemption in said farm.

The said Louisa Gerker is wholly without means of support.

*Frank T. Brown* and *Gardiner Greene*, for Louisa Gerker.

*Jeremiah J. Desmond*, for Timothy Kelly et al.

HALL, J. The complaint asks an adjudication upon the following questions relative to the construction of the will of Carl Gerker: " *First*. Did Wilhelmina Gerker take under said will any beneficial interest to herself personally, as distinguished from the devise to her in trust for said Louisa Gerker? And if so, what interest did she take? *Second*. What interest did Louisa Gerker take under said will, and what are the power and duty of the trustee as to apply-

ing the property for her support? *Third.* Is any portion of said estate, or may any portion thereof be, intestate estate?"

The plaintiff is the trustee appointed by the Court of Probate to execute the trust created by the will. The only defendants are the widow of the testator, and Kelly and Romanowsky and wife, grantees of the testator's niece Wilhelmina. As those persons who, under the statute of distribution would take intestate estate of Carl Gerker upon the death of his widow, have not been made parties to this action, they would not be concluded by a judgment of this court adverse to their interests, upon the first and third questions propounded in the complaint. But inasmuch as the conclusion we have reached upon the second inquiry seems to render an answer to the others of slight consequence, since the entire value of the interest of the testator in the farm will probably prove inadequate to meet the expense of the support of the widow, we have concluded, rather than continue the case for the giving of further notice, to answer the second question without deciding the first and third.

The defendants Kelly and Romanowsky claim by their pleadings, that the only beneficial interest given to the widow in this property by the will was a right to a home upon the farm during her life, together with a comfortable support there; and that so long as she chooses to dwell elsewhere, she has no interest in the farm and is not entitled to receive a home or support from either the profits or the avails of a sale of the farm.

In behalf of Louisa Gerker it is claimed that by the language of the will the whole estate is to be devoted to providing her a comfortable support during her life, without any restriction as to the place where she shall dwell.

The construction contended for by counsel for the widow is clearly the true one. The language of the testator, in describing the purpose of the trust in that devise to his niece, is "that she furnish my wife Louisa Gerker a home during her natural life together with a comfortable support such as she has had with me." These last words describe

Barnes, Trustee, v. Kelly et al.

the quality of the support to be furnished to the widow rather than the locality of her home.

The entire estate of the testator, beyond what was required for the payment of debts, consisted of this farm of the value of but a few hundred dollars, and already mortgaged for $245. His widow was apparently possessed of little, if any, property, as she is found to be wholly without means of support. It was manifestly the first wish of the testator to furnish, in so far as he was able, a comfortable support for his wife in case she should survive him. He must have known that she could not be supported from any income that might be derived from this property, whether she lived upon the farm or elsewhere, and that even the sum which might be realized from a sale of the equity of redemption would be sufficient for her support but for a short time. We think it was the intention of the testator that the trustee should devote the whole estate, principal and interest, if necessary, to provide a comfortable support for the widow during her life.

In answer to the second question we advise the Superior Court that the plaintiff trustee has the power to redeem the mortgage of $245 to the Norwich Savings Society, or to sell the farm subject to said mortgage, and to devote, so far as may be necessary, all the estate of Carl Gerker remaining after the payment of debts, to furnishing a comfortable support to said Louisa Gerker during her life.

For the reasons already given we do not answer the first and third questions.

In this opinion the other judges concurred.