[No. 31590. *En Banc.* March 6, 1952.]

*In the Matter of the Estate of* A. W. BRIDGE, *Deceased.*
LEO TEATS, *as Executor, Appellant,* v. EDNA VAN VLACK
*et al., Respondents.*[1]

*Ralph Teats,* for appellant.

*Metzler & McCormick, Vedova, Horswill & Yeomans,* and *Max R. Nicolai,* for respondents.

WEAVER, J.—Is a residuary legatee a necessary party to a proceeding by the executor for the construction of a will, the result of which might diminish the quantum of the estate passing to the residuary legatee?

[1] Reported in 241 P. (2d) 439.

Appellant, as the executor of decedent's estate, filed a petition praying for a construction of decedent's will, to the end that the legatees entitled to take under the second paragraph thereof be adjudged.

Paragraph two of the will reads as follows:

"I hereby will and bequeath unto the following named persons the amounts set opposite their respective names, provided, however, that if any of said named persons are now employed by me or the Mary Bridge Hospital and are not so employed at the time of my decease, then such named former employees are hereby willed and bequeathed nothing: . . ."

Following this paragraph was a list of twenty legatees to whom, under the terms of this paragraph, $43,000 was bequeathed.

Paragraph twelve of the will reads:

"All of the balance and residue of my estate I will and bequeath unto Mary Bridge Hospital, in memory of my mother, Mary Bridge, granting unto the directors full power to use such funds and/or property for the maintenance, operation and betterment of such corporation."

Two departments of the superior court, other than the department trying the case, ordered that citation be issued to the legatees named in the second paragraph of the will directing them to appear on a day certain to answer the petition of the executor. The legatees, claiming under the employment provision of paragraph two, appeared and contested the interpretation urged by the executor. Citation was not issued to the residuary legatee, Mary Bridge Hospital (a charitable corporation), and it did not appear in the proceeding. The executor has appealed from an order of the trial court, dated July 27, 1950, determining that certain of the legatees named in paragraph two of the will were entitled to be paid their legacies. The order directed payment.

It is apparent that, if any one or all of these legatees should be held ineligible to take under the will, the amount of his or their legacies would then become a part of the residuary estate and pass to the residuary legatee. Thus

the Mary Bridge Hospital had a substantial interest in this controversy adverse to that of the legatees.

RCW 4.08.130 provides:

"The court may determine any controversy between parties before it when that can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in."

■ The order directing payment of the legacies definitely prejudiced the rights of the residuary legatee. Nor were the rights of the residuary legatee saved, unless we say that, not being a party, it is not foreclosed from raising the same issue at the time the executor presents his final accounting. To do so would be a useless act resulting in a multiplicity of suits. The order entered would not be *res judicata* as to the Mary Bridge Hospital. *In re Krueger's Estate*, 11 Wn. (2d) 329, 119 P. (2d) 312. We cannot escape the conclusion that "a complete determination of the controversy cannot be had without the presence" of the Mary Bridge Hospital as a party to the determination of the issues presented by appellant's petition for a construction of the will. Before a court reduces the estate of the residuary legatee, it should have an opportunity to be heard. *Chapin v. Collard*, 29 Wn. (2d) 788, 189 P. (2d) 642. The statute makes it mandatory that the hospital be a party. *State ex rel. Continental Cas. Co. v. Superior Court*, 33 Wn. (2d) 839, 207 P. (2d) 707.

The same conclusion is reached should we consider the petition under the declaratory judgment act. RCW 7.24.110 requires that all persons "who have or claim any interest which would be affected by the declaration" shall be made parties.

■ RCW 4.08.020, permitting an executor to sue without joining the person for whose benefit the suit is prosecuted, has no application in a proceeding to obtain the construction of a will. Such action is not prosecuted for the benefit of any particular person. It is an action, in effect,

against all the persons to be affected by the construction of the will.

Because of the circumstances of this case, the question upon which we are forced to decide this appeal was not presented or argued to the trial court.

█ Since the residuary legatee is a necessary party to the adjudication of the issues here sought to be determined, the order of July 27, 1950, from which this appeal has been prosecuted, is vacated and the cause remanded, with direction to dismiss appellant's petition without prejudice, unless, within thirty days from the date the remittitur of this court is received by the clerk of the superior court, the Mary Bridge Hospital is made a party by appropriate process, in which event a new trial of the issues shall be had. *Toulouse v. New York Life Ins. Co.*, 39 Wn. (2d) 439, 235 P. (2d) 1003. See, also, Rule of Practice 2(3), 34A Wn. (2d) 69.

Neither party shall recover costs on this appeal.

ALL CONCUR.