FOURNET, Chief Justice.
The plaintiff, Lemuel C. Parker, an attorney of Baton. Rouge, alleging that on April 7, 1948, he had entered into á contract of employment with the seven Tillman heirs[1] in which they agreed, in exchange *217 for his legal services — to consist of clearing title to certain land in East Baton Rouge Parish and having them recognized as heirs of their deceased father and placed in absolute possession of his share of the said property and in provisional possession of their mother’s interest therein, as well as collecting any rentals or royalties that might become due as a result of mineral leases or mineral production — to pay him “fifty (50%) per cent or one-half of any property, funds, rentals, royalties or other things of value that may be recovered for and on their behalf by said attorney, after first deducting therefrom all court costs and expenses incurred in connection therewith alleging further that he had fulfilled his part of the contract, had represented them in placing an oil, gas and mineral lease on the property and had appeared in their behalf in a certain concursus proceeding filed by the Delta Refining Company, the purchaser of crude oil from a well on a unitized tract of which the Tillmans’ land forms a part; but that only one of the heirs had conveyed to him “an undivided half of his undivided one-seventh interest in the property,” as per the employment agreement, while the remaining heirs, five of whom are absentees, had failed or refused to do so; and availing himself of the provisions of the Uniform Declaratory Judgments Act, LSA-R.S. 13:4231 et seq., he sought to havé his rights declared and enforced under the above contract. Named as defendants were the six remaining Tillman heirs,[2] and coupled with his suit was a sequestration of their share of the funds deposited in the' registry of court by Delta Refining Company in the concursus proceeding (representing accrued royalties from production of the said well), which funds were to be' distributed according to a schedule forming part of the judgment therein.
A curator ad hoc was appointed to represent the five absent defendants, and after the legal delays had elapsed a preliminary default was entered as to all six defendants.' In due course the matter was taken- up on confirmation of default and the trial judgej after hearing the evidence adduced,- rendered and signed the judgment.- Attorneys employed by the absentees then filed a motion for a new trial[3] on behalf of their clients, contending (1) that no exceptions having been urged nor answer filed by the curator, the judgment should be set aside as contrary to the law and the evidence .because, while a curator appointed to represent absent defendants may waive service and citation, he is specifically prohibited''by the provisions of Article 116 of -the- Louisi *219 ana Code of Practice[4] from waiving time or any legal defense; (2) that the Court was without jurisdiction ratione personae; (3) that there has in fact been no seizure of real property within the Court’s jurisdiction to form the basis of an action in rem; (4) that the suit is not properly within the scope of the Declaratory Judgments Act for the reason that under the pleadings, the rights of the attorneys presently representing the appellants have been put at issue [5] and they (the said attorneys) are therefore indispensable parties; and, lastly, (5) that in the interests of justice, a new trial should be granted.
This appeal was taken from the judgment of the District Court denying the application for a new trial, the contention of the appellants being that the trial court abused its discretion in that respect and, for the reasons enumerated above, should have granted a new trial.
There is no merit in counsel’s contention that since a curator to represent absent defendants is specifically prohibited (by Article 116 of the Louisiana Code of Practice) from waiving any legal defense, it is impossible to take a judgment by default against him. The defendants have cited no authority in support of this proposition, but rely on the dissenting opinion in the case of Story v. Jones, 14 La.Ann. 73. It is interesting to observe, however, that the majority opinion clearly held, as shown by the first syllabus, that “A judgment by default is properly rendered against the defendant in an attachment suit, where the curator ad hoc * * * failed to file an answer.”
While it is generally recognized that the laws of Louisiana with regard to the absent defendant are more solicitous than elsewhere, and function under the benign principle of appointment of a curator *221 for the purpose of defense — contrary to the rule in almost all the remaining states of the Union, where service by publication is sufficient[6]—nevertheless the provision of law that an attorney be appointed to defend the suit was not intended to give the absentee defendant rights which are superior to those enjoyed by defendants who are present within the State. Appellants make no -claim that there was any irregularity with respect to the contract, or that they had any defense to communicate to the attorney ad hoc. They only say that several defenses could have been raised by way of exception, and that not only was it the curator’s duty to file such exceptions but, under the language of Article 116 since the adoption of the amendment in'1924 when the Legislature for the first time included the specific prohibition against waiver of time and of legal defenses, the curator was powerless to waive the defenses which would have supported the said exceptions.
As will be pointed out hereinafter, these claimed defenses are clearly without merit, and it necessarily follows that if the exceptions had been filed they would have served no purpose except to delay the proceedings. A curator ad hoc is not required to make defenses that have no foundation in fact nor basis in law, any more than an attorney selected by the parties; and counsel’s assertion that the Court was without jurisdiction ratione personae and therefore could not adjudicate the personal rights of the absent defendants under the contract, and that no seizure of real property had taken place which could form the basis of an action in rem, overlooks a line of jurisprudence in which the very point has been adversely decided. See Mason v. Benedict, 43 La.Ann. 397, 8 So. 930; Bartels v. Souchon, 48 La.Ann. 783, 19 So. 941; and Young v. Upshur, 42 La.Ann. 362, 7 So. 557. In the case of Mason v. Benedict, supra, which for all intents and purposes is identical to the present case, the Court said: “The purpose of the action is to enforce a real right against the property and to enforce a contract relating to it. Attachment is not necessary to vest the court with jurisdiction. * * * A non-resident can be brought into court by constructive service to perfect the titles to real estate; otherwise a cloud upon them by a claim of a non-resident will never be removed, unless he chooses to consent to an adjudication. * * * ” 43 La.Ann. at page 399, 8 So. at page 931. (Emphasis supplied.) And, as pointed out by the trial judge in his reasons for judgment, if it were true that the Court was without jurisdiction to determine the rights of the parties under the contracts offered in evidence, “agree- *223 merits conveying or agreeing to convey an interest in-oil producing land in this State, such as was done here, could not be' enforced.” •
It is equally clear that exceptions leveled at plaintiff’s right to proceed under the Declaratory Judgments Act would have been overruled. LSA-R.S. 13:4232 declares .that “Any person interested under a * * .written contract • .* * * or whose rights * * are affected by a, * * contract ,* * f, may have determined any question of construction or validity arising under the .instrument †.. * * and obtain a declaration of rights, status or other legal relations thereunder.’’ And although, from the facts pf this.Gase, we cannot say whether or not the attorneys presently representing the ap..pellants ..were necessary parties (as they claim to be.onthe ground that certain alle.gatiops in the petition concern their rights), ■nevertheless if they do have an interest the Declaratory Judgments Act specifically provides that .“no declaration shall prejudice ;the rights of persons not parties to the proceeding.’-’ -LSA-R.S, 13:4241.
We fail to see where the interests of justice would be served by acceding-to the ap.peal that a new trial.be ordered; . in fact, the equities appear to be with the plaintiff.
For-the reasons--assigned, the judgment appealed from is affirmed.

. The children of Gordon Tillman, deceased, and E. Lizzie Beth Paury Tillman, missing.

. Sam Tillman, a resident of the Parish of Bast Baton Rouge; and-the absentees Rosa Lee Tillman Calendar, Roxana Tillman Josephus, Lillian Tillman, Howard Tillman, and Philip G. Tillman.

. Sam Tillman did not join in the' motion for a new trial, and the lower Court’s judgment became final and executory as to him.

. “If the minor against whom one intends to institute a suit has no tutor, the . plaintiff must demand that an attorney at law be appointed to defend the suit. The same course shall be pursued if the person intended to be sued be absent and not represented in the State, or, in partition or expropriation suits or any other suits in which an absentee may be represented by an attorney at law appointed to defend the suit, if it be made to appear by affidavit that the residence of the defendant is out of the State or unknown to plaintiff, the attorney at law so appointed may waive service and citation of the petition, but shall not waive time or any legal defense.” As amended, Acts 1904, No. 190; 1924, No. 167.

. The petition alleged that present counsel sought to file an answer in the eoncursus proceeding as attorneys for the seven Tillman heirs, and attempted to supplant the plaintiff, who was there appearing individually and as counsel for the heirs; and while the attempted appearance was not permitted (as stated by the Court) “in the face of the written contracts of employment of Mr. Parker [and the absence of] positive evidence under oath” that the Parker contracts had been superseded, nevertheless (alleged the plaintiff) he was being damaged by the appearance of the other attorneys in the case.

. See “Jurisdiction over Absent Defendants,” by Robert Wyness Millar, Emeritus Professor of Law in Northwestern University, XIV La.Law Rev. 321. at 330 (1954).