CHARLIE EDMONDSON AND WIFE, ALICE EDMONDSON; HERMAN EDMONDSON AND WIFE, ETTA EDMONDSON; GEORGE T. EDMONDSON AND WIFE, FRANCIS EDMONDSON; JOHNNY EDMONDSON AND WIFE, BERTHA LYNN EDMONDSON; CATHERINE DAIL AND HUSBAND, LARRY E. DAIL; VIOLA BRADY AND HUSBAND, JOHN ALLEN BRADY; CHARLIE EDMONDSON, JR., AND WIFE, FRANCES EDMONDSON; BENJAMIN HARRELL (UNMARRIED); HARVEY HARRELL AND WIFE, GERTRUDE HARRELL; PAUL CLARENCE EDMONDSON AND WIFE, MYRTLE EDMONDSON; MILTON LEE EDMONDSON, MINOR, BY HIS NEXT FRIEND, VIOLA BRADY; LILLIE MAY HARRELL, MINOR, BY HER NEXT FRIEND, HARVEY HARRELL; BECTON HARRELL AND WIFE, BETTIE HARRELL; HATTIE BUTLER AND HUSBAND, BILL BUTLER, v. C. H. HENDERSON AND WIFE, GERTRUDE M. HENDERSON; TOM EDMONDSON AND WIFE, ALLIE EDMONDSON (AND C. H. HENDERSON, JR., ADDITIONAL PARTY DEFENDANT).

(Filed 25 September, 1957.)

**1. Parties § 3—**

A person is a necessary party to an action when a valid judgment cannot be rendered therein completely and finally determining the controversy without his presence as a party.

**2. Wills § 39—**

Where the determinative matter in dispute is whether the devisees named in the will took a fee or only a life estate, a grantee in a fee simple deed from one of the devisees named is a necessary party to the action.

**3. Declaratory Judgment Act § 3—**

The court should refuse to deal with the merits of an action brought under the Declaratory Judgment Act when it appears that a judgment finally settling and determining the question in dispute cannot be entered until a person not a party is brought in as a party to the action.

**4. Appeal and Error § 55—**

Where it appears on the face of the record that a person who is a necessary party to a final determination of the action has not been made a party, the Supreme Court will remand the action for appropriate procedure *ex mero motu.*

APPEAL by plaintiffs and defendant C. H. Henderson from *Moore (Clifton L.), J.,* at November Term, 1956, of EDGECOMBE.

Civil action under the Declaratory Judgment Act for adjudication of the rights of the parties in respect to the title to a tract of land in Edgecombe County containing 726.49 acres. The land was owned by Henry Harrell at the time of his death in 1929.

In the complaint it is alleged that the plaintiffs (other than Charlie Edmondson and wife, Alice Edmondson; Herman Edmondson and wife, Etta Edmondson; Harvey Harrell and wife, Gertrude Harrell; and Benjamin Harrell) own the land in fee simple, subject only to the life estates provided in the will of Henry Harrell. The pertinent parts of the will are as follows:

"SECOND: I loan the following real estate to Tom Edmondson, Charlie Edmondson and Herman Edmondson ($\frac{1}{4}$) one-fourth each of all my real estate for and during their natural life.

"THIRD: I loan to the following Benjamin Harrell and Harvey Harrell ($\frac{1}{8}$) one-eighth each of my real estate for and during their natural life.

"FOURTH: I give to Hattie Butler and Becton Harrell the sum of ($5.00) Five Dollars each. This being their share of my estate as they have already had theirs."

"SIXTH: After the death of either Tom Edmondson, Charlie Edmondson or Herman Edmondson, they without legal heirs the real estate bequeathed in this will, will revert to their heirs proportionately as stated in item second and third item, with the exception of Hattie Harrell and Becton Harrell."

The plaintiffs further allege that the defendant C. H. Henderson purchased the interests of certain of the life tenants named in the will of Henry Harrell and has treated the land as being owned by him in fee simple and has wrongfully cut and removed timber therefrom to the damage of the plaintiffs' freehold interests in the land in a substantial sum, for which they seek treble damages and injunctive relief.

The defendants filed answer denying the material allegations of the complaint, and alleging that they own in fee simple the lands occupied by them. The defendants allege title deraigned through *mesne* conveyances from the devisees named in the will of Henry Harrell. They also allege that the plaintiffs are estopped to assert title by reason of matters of record and *in pais*.

At the November Term, 1954, a compulsory reference of the case was ordered. At the conclusion of the hearings the referee made up and filed his report. He concluded upon the facts found that the plaintiffs were entitled to no relief and that the defendants' motion for nonsuit should be allowed. The plaintiffs filed exceptions to part of the findings and to all the adverse rulings of the referee.

When the cause came on for hearing in the Superior Court on the plaintiffs' exceptions, Judge Moore after reviewing the evidence and the record upheld all the referee's findings of fact, but concluded that his conclusions of law should be modified.

The judgment entered by Judge Moore contains a restatement in brief form of the material facts, followed by a statement of his conclusions as to the law of the case, fixing the rights of the parties. Among the facts found and stated are these: that in 1930 the devisees named in the Second and Third Items of the will caused the land to be partitioned among them; that lot No. 5 containing 119.90 acres was allotted to Benjamin Harrell; that in 1933 he conveyed this lot to John T. Williams by deed purporting to convey same in fee simple with general warranties; that Williams later conveyed the lot to C. H. Henderson, Sr., by deed purporting to convey a fee simple title; and that Henderson thereafter conveyed the lot to T. O. Manning, subject to reservation of timber rights. The record discloses that T. O. Manning is not a party to the action.

To the judgment as entered the plaintiffs and the defendant C. H. Henderson, Sr., excepted, and appealed.

*Peel & Peel and H. D. Hardison for plaintiffs, appellants and appellees.*

*Henry C. Bourne for defendant C. H. Henderson, appellant, and defendants, appellees.*

JOHNSON, J. We are confronted at the outset with the question whether T. O. Manning is a necessary party to the action.

In *Gaither Corp. v. Skinner*, 238 N.C. 254, 256, 77 S.E. 2d 659, the Court said, quoting from McIntosh, North Carolina Practice and Procedure, Sec. 209, p. 184: " 'Necessary or indispensable parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the court cannot proceed until they are brought in. Proper parties are those whose interests may be affected by a decree, but the court can proceed to adjudicate the rights of others without necessarily affecting them, and whether they shall be brought in or not is within the discretion of the Court.' "

In *Assurance Society v. Basnight*, 234 N.C. 347, 352, 67 S.E. 2d 390, it is said: "The term 'necessary parties' embraces all persons who have or claim material interests in the subject matter of a controversy, which interests will be directly affected by an adjudication of the controversy. . . . A sound criterion for deciding whether particular persons must be joined in litigation between others appears in this definition: Necessary parties are those persons who have rights which must

be ascertained and settled before the rights of the parties to the suit can be determined."

In *Garrett v. Rose*, 236 N.C. 299, 307, 72 S.E. 2d 843, it is said: "A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party."

When the facts here are tested by the foregoing principles, it is manifest that T. O. Manning is a necessary party to the action. He purchased Benjamin Harrell's share of the land and now holds a deed purporting to convey a fee simple estate. His interest is such that no decree can be entered construing the will and settling the rights of the parties without affecting his interest and claim in the land.

We have given consideration to the fact that the case was brought under the Declaratory Judgment Act. G.S. 1-256 to 1-267. The Act has this provision respecting the joinder of parties (G.S. 1-260): "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."

Does this section liberalize the practice in cases brought under the Declaratory Judgment Act? In short, does it mean that the provision requiring that "all persons shall be made parties who have or claim an interest which would be affected by the declaration" is not mandatory in view of the further provision that "no declaration shall prejudice the rights of persons not parties to the proceedings"?

Regardless of how this may be, and conceding without deciding that the practice as to parties may be somewhat liberalized under the Declaratory Judgment Act, nevertheless where it appears, as here, in a case involving the construction of a will that the absence of a necessary party prevents the entry of a judgment finally settling and determining the question of interpretation, we think the court should refuse to deal with the merits of the case until the absent person is brought in as a party to the action. See 16 Am. Jur., Declaratory Judgments, Sec. 55; Annotation: 87 A.L.R. 1205, 1244. For oversight in this respect the case will be remanded to the trial court with direction that T. O. Manning be brought in as a party. This accords with the procedure followed in our recent decision in *Peel v. Moore*, 244 N.C. 512, 94 S.E. 2d 491, where, as here, the defect of parties was not formally raised in the court below. See also *Wagoner v. Saintsing*, 184 N.C. 362, 114 S.E. 313; *Brinson v. McCotter*, 181 N.C. 482, 106 S.E. 215; *Waters v. Boyd*, 179 N.C. 180, 102 S.E. 196; *Thomas v. Reavis*, 196 N.C. 254, 145 S.E. 226. *Cf. Hine v. Blumenthal*, 239 N.C. 537, 80 S.E. 2d 458; 39 Am. Jur., Parties, Sec. 111.

The defendant appellant claims in his brief that the five children of Hattie Harrell Butler and the two adopted children of Tom Edmondson have or may claim interests which will be affected by final decree construing the Henry Harrell will. We express no opinion as to these questions, raised for the first time in this Court. It suffices for us to remand the case for fatal defect resulting from the failure to join T. O. Manning as a party. When the case goes back to the trial court these additional questions respecting joinder of parties, and any other questions which any of the parties may deem relevant for consideration by the court, may be raised and determined.

The case is remanded for such further proceedings as the law directs and the rights of the parties require.

Remanded.