CITY TRUST COMPANY, TRUSTEE (ESTATE OF CHARLOTTE M. BULKLEY) *v.* RICHARD H. BULKLEY ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 4—decided May 12, 1964

*Charles W. Page,* with whom, on the brief, was *William E. C. Bulkeley,* for the appellant (defendant Ralph C. Bulkley).

*Allan R. Johnson,* with whom, on the brief, was *Gregory C. Willis,* for the appellee (defendant Clarence H. Dunaway, Executor and Trustee [Estate of Nannie F. Branch]).

KING, C. J.  Charlotte M. Bulkley died November 5, 1913, leaving a will dated March 12, 1906, a first codicil dated November 3, 1906, a second codicil dated June 23, 1909, and a third codicil dated

August 19, 1910. The provision in question is entitled "Eighth" in the third codicil and reads as follows: "EIGHTH All the rest and residue of my estate, both real and personal, I give, devise and bequeath to Rev. Edward Livingston Wells, now of Guilford, Conn. in trust with full power to sell, transfer and invest for the following purpose—namely to pay the income to my nephew Aubin B. Branch, during his life and at his decease to his wife Nannie F. Branch, Should she survive him, and at her death to pay the principal to their children, share and share alike. Should Nannie F. Branch die before Aubin B. Branch, then the principal is to be paid to said children—Should either of said children die before the death of both parents, and without issue, then the share of such child to be paid to the survivor or survivors—"

It appears from certain stipulations that Aubin B. Branch and Nannie F. Branch had two children, Aubin, Jr., and Katie; that Aubin B. Branch died on or before February 2, 1915; that Katie, who became Katie Eastham by marriage, died without issue on March 21, 1940; that Aubin, Jr., died intestate, unmarried and without issue on January 4, 1953; and that Nannie F. Branch died on June 11, 1960. It seems unlikely that the testatrix ever anticipated the precise contingency which occurred, that is, the death of both remaindermen without issue before the death of the surviving life income beneficiary. It appears that the only constructions of the will which could reasonably be advanced are that (1) the remainders were vested and never divested; (2) even though the remainders were vested, the remainder to Katie was divested entirely in favor of Aubin, Jr., but that to Aubin, Jr., as the survivor of the two children of the life income bene-

ficiaries, never was divested; (3) there was an alternative remainder to the surviving life income beneficiary, or (4) the remainder has not been fully and effectually disposed of so that the trust corpus reverts to the estate of the testatrix for distribution as intestate estate.

In a will construction suit such as this, the Superior Court may not properly order distribution of the share of a deceased legatee directly to his heirs or legatees rather than to his estate. *Bartram* v. *Powell,* 88 Conn. 86, 92, 89 A. 885; *White* v. *Smith,* 87 Conn. 663, 677, 89 A. 272; 1 Locke & Kohn, Conn. Probate Practice § 71, p. 133. Similarly, if an heir dies pending final settlement of an estate, distribution of his share should be made to his duly appointed executor or administrator. *Ward* v. *Ives,* 75 Conn. 598, 601, 54 A. 730; 2 Locke & Kohn, op. cit. § 264, p. 44, § 597, p. 740. Thus, the executor or administrator, if there is one, of the estate of a deceased legatee or heir who would benefit by a reasonably possible construction of a will should be made a party to an action for the construction of that will. *Hartford-Connecticut Trust Co.* v. *Gowdy,* 141 Conn. 546, 557, 107 A.2d 409; *Bartram* v. *Powell,* supra; *White* v. *Smith,* supra. Such a construction suit is an in rem proceeding. *Harris* v. *Weed,* 89 Conn. 214, 223, 93 A. 232. And persons directly concerned in a judgment rendered should be given notice and a proper opportunity to present, and be heard upon, their respective claims as to the construction which should be given in the judgment. *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508, 100 A. 22; *Nichols* v. *Nichols,* 79 Conn. 644, 653, 66 A. 161; *Townsend* v. *Auger,* 3 Conn. 354, 356.

The distribution, as part of the estate of the testa-

tor whose will is being construed, of an intestate remainder, after the death of a life income beneficiary, is a matter within the jurisdiction of the Probate Court, at least in the first instance, and should not be directed by the Superior Court in an equitable action by the trustee for advice as to the disposition of funds in his hands. *Home Trust Co.* v. *Beard,* 116 Conn. 396, 400, 165 A. 208. In such a situation, the executor of the will of the testator, or an administrator d.b.n., c.t.a., of his estate, should be made a party to a suit by the trustee to construe the will. See *Seymour* v. *Attorney General,* 124 Conn. 490, 500, 200 A. 815; *Lloyd* v. *Weir,* 116 Conn. 201, 205, 164 A. 386; *Loomis Institute* v. *Healy,* 98 Conn. 102, 129, 119 A. 31; *Russell* v. *Hartley,* 83 Conn. 654, 664, 78 A. 320.[1]

The heirs at law of a testator in whose estate there may be an intestate remainder would also be directly concerned in the judgment to be rendered in the construction suit, and they, or their legal representatives, should be made parties to that suit. *Barnes* v. *Kelly,* 71 Conn. 220, 222, 41 A. 772; *Willis* v. *Keenan,* 144 Conn. 33, 55, 127 A.2d 56. Their absence as parties would not be remedied by the presence of a legal representative of the estate of the testatrix since he would be under a duty to main-

---

[1] The statute (General Statutes § 45-93) making it possible for the trustee to deliver property "to the remainderman upon the order of the probate court, without returning the same to the estate of the decedent" would generally, if not invariably, apply where distribution of the testate estate is being made to remaindermen designated as beneficiaries in a will; but it could hardly apply where distribution of the intestate estate is being made to the heirs at law of the testator not designated in the will. Cf. *Hartford-Connecticut Trust Co.* v. *Hartford Hospital,* 141 Conn. 163, 173, 104 A.2d 356. Inter alia, the latter type of distribution would not involve a remainder but might involve a reversion. Simes & Smith, Future Interests (2d Ed.) §§ 82, 87, 92, 108.

tain a position of impartiality and therefore could not properly represent, on the one hand, the interests of beneficiaries named in the will and, on the other hand, the interests of claimants to property which may not have been effectively disposed of by the will. See *Belfield* v. *Booth,* 63 Conn. 299, 309, 27 A. 585; *Jacobs* v. *Button,* 79 Conn. 360, 362 n., 65 A. 150; 2 Locke & Kohn, op. cit. § 384.

The procedure followed in this case did not conform to the foregoing principles.[2] The parties who should have been joined are the executors or administrators, that is, the legal representatives, if there are any, of the estates of (1) the testatrix, (2) the deceased potential remaindermen of the trust, and (3) the nine deceased heirs at law of the testatrix. The only legal representative who has been named as a party is the executor of the will of Nannie F. Branch, a deceased potential remainderman. In lieu of making other legal representatives parties by name, the plaintiff joined many living persons who appear to be heirs of deceased heirs, or heirs of deceased heirs of deceased heirs, and also purported to make the "representatives and creditors" of some of the deceased heirs parties without identifying the legal representatives of their estates, in apparent reliance on § 52-69 of the General Statutes. Cf. General Statutes § 52-68. In the present case, it is difficult to understand how any reasonable effort to ascertain the status of the several estates and the names and whereabouts of the executors or administrators thereof could have met with such complete lack of success, particularly in

---

[2] An old, but interesting and perceptive, work on the subject of parties to suits in equity is Calvert, "A Treatise upon the Law respecting Parties to Suits in Equity" (London, 1837), reprinted in 17 The Law Library (Philadelphia, 1837). Reference is made to chapter I, §§ 1 and 2, and chapter III, §§ 2-6.

view of the common-law rule, which still obtains in Connecticut and in at least some other jurisdictions, that the office of an executor or administrator does not terminate during his lifetime unless he is removed. See 2 Locke & Kohn, op. cit. § 337; 33 C.J.S., Executors and Administrators, § 78 (b). Indeed, in the case of at least four of the estates—the estates of the testatrix, of Ella B. Watkins, who was an heir of the testatrix, and of Aubin Branch, Jr., and Katie Eastham, both potential remaindermen—the plaintiff did not even attempt to utilize § 52-69 of the General Statutes. Instead, in the case of Ella, it named the "representatives and creditors" of Charlotte N. Watkins, who was, apparently, the residuary legatee under Ella's will. In the case of Aubin, Jr., and Katie, the assumption seems to have been that their mother, Nannie F. Branch, was their sole intestate distributee and that it would be sufficient to name the executor under Nannie's will. It is not indicated how Nannie could have been the sole distributee of Katie, who appears to have been married. Since Katie's interests appear to be adverse to those of all the represented parties, it would be especially important that her representative be made a party.

All parties entered into stipulations providing that the Superior Court "shall make an ascertainment of heirs and an order of distribution," apparently under the theory that by force of the stipulations the necessary probate jurisdiction could be conferred on the Superior Court. *Carpenter* v. *Perkins,* 83 Conn. 11, 19, 74 A. 1062; *Wilde* v. *Bell,* 86 Conn. 610, 615, 87 A. 8; 1 Locke & Kohn, op cit. § 71; 2 id. § 593; but see *Hartford-Connecticut Trust Co.* v. *Hartford Hospital,* 141 Conn. 163, 173, 104 A.2d 356. The final stipulation was apparently filed

after the court had rendered its decision and as far as appears never came to the court's attention.

The trial court rendered a judgment which under no circumstances could be sustained, even if all parties directly interested had been present. It found that the remainder vested solely in Aubin Branch, Jr., but instead of finding that the administrator or executor of his estate was entitled to distribution, it found that the trustee under the will of his mother, who apparently was his sole heir, "is entitled to take all of the remainder." The judgment, including the allowance for counsel fees made therein, must be set aside. If at a retrial the parties intend to rely, in whole or in part, on stipulated facts, a single, clear stipulation, adapted to the issues properly before the court, should be entered into and filed. It should, inter alia, show the status of the estates of (1) the potential remaindermen of the trust, (2) the heirs at law of the testatrix, and (3) the testatrix herself.

Appellate counsel for Ralph C. Bulkley, the son of a deceased heir of the testatrix, has indicated in his brief an awareness that there was a defect in parties but urges that we announce our construction of the will on the present record, although conceding that no appropriate judgment can be entered until the omitted parties have first been cited in by the trial court. In support of his position, he refers us to *Hartford-Connecticut Trust Co.* v. *Gowdy,* 141 Conn. 546, 557, 107 A.2d 409. It is true that there is a superficial resemblance between that case and this. In the *Gowdy* case, however, the only omitted party was the administrator of the estate of a deceased remainderman, and we were willing to announce our construction of the will in advance of citing in the necessary party only because our con-

struction was of advantage to that estate. In the present case, there is no possible construction of the will which will be of advantage to all of the omitted parties.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.