Jessie J. CRICKMER et al., Appellants,

v.

Harold Fulton KING, Independent Executor
of the Estates of Myrtle Louise Livsey
and Joe Livsey, Deceased, Appellees.

No. 8198.

Court of Civil Appeals of Texas,
Texarkana.

Feb. 5, 1974.

John B. Greer, III, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellants.

Harry B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellees.

CORNELIUS, Justice.

This is a suit for declaratory judgment to construe the joint and mutual will of Joe and Myrtle Livsey, husband and wife. The will devised and bequeathed all property to the survivor absolutely and in fee simple, but provided that should Mr. and Mrs. Livsey die "simultaneously, or approximately so" all of the property would vest in "the children of either of us, said children being Harold Fulton King, James Lee King, Oquinda Faye Narramore and the grandchildren of either of us living at the time of our deaths, each of said children and grandchildren to share and share alike in said estate . . ." If the deaths were not simultaneous or approximately so and one party therefore survived the other and subsequently died, the property was left undisposed of and would vest as an intestate remainder of the survivor's estate.

Myrtle Livsey died on January 28, 1973. Joe Livsey died of an unrelated cause seven days later on February 4, 1973. Both Mr. and Mrs. Livsey had been previously married. The children and grandchildren named in the will were those of Mrs. Livsey. Joe Livsey had no child.

The will was admitted to probate on February 7, 1973 in the Bowie County Court. On February 15, 1973, the independent executor named in the will filed this action seeking a construction of the "simultaneous death" provision of the will to determine if the deaths came within that provision. The petition for declaratory judgment *listed* the children and grandchildren who were named in the will as devisees and legatees under the "simultaneous death" provision, but they were not named as plaintiffs or defendants, and citations to them were neither issued nor served. The heirs at law of Joe Livsey were not listed or named. Some, but not all of these heirs intervened in the action. In a nonjury trial the court, in construing the will, found that the deaths of Myrtle and Joe Livsey, occurring seven days apart, did occur "simultaneously or approximately so" within the meaning of the will, thus vesting the estate in the children and grandchildren named therein. The heirs at law of Joe Livsey have appealed, urging ten points of error.

■ The first four points assert that there is an absence of indispensable parties. We have concluded that these points are well taken.

Under one construction of the will—that the deaths occurred simultaneously or approximately so, the children and grandchildren named in the will take the entire estate. Under the other construction of the will—that the deaths were not simultaneous or approximately so, Joe Livsey, having survived his wife would have received the entire estate, and as the will made no disposition of the property in such event it would vest in his heirs at law as in intestacy. Consequently, both of these groups, the named devisees and legatees in the will and the heirs at law of Joe Livsey, stand to gain or lose the property depending upon the construction given the will.

■ It has long been the rule that all parties whose interests in the property will be affected by a construction of the will are indispensable parties to an action to construe the will. 96 C.J.S. Wills § 1088 p. 765; 61 T.J.2d p. 339 and 340; Hay v. Hay, 120 S.W. 1044 (Tex.Civ.App.1909, no

writ); Schoenhals v. Schoenhals, 366 S.W.2d 594 (Tex.Civ.App. Amarillo 1963, no writ); Amend v. Amend, 299 S.W.2d 759 (Tex.Civ.App. Amarillo 1957, no writ). Included in this category are all the devisees and legatees named in the will. Winston v. Griffith, 133 Tex. 348, 128 S.W.2d 25 (Tex.Comm.App.1939); Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973 (1941); Amend v. Amend, supra; Kelsey v. Hill, 433 S.W.2d 241 (Tex.Civ.App. Texarkana 1968, no writ); 61 Tex.Jur.2d p. 340. Also included are the heirs at law of the testator, when a construction of the terms of the will would leave any of the property to vest as an intestate remainder. 96 C.J.S. Wills § 1088 p. 769; City Trust Co. v. Bulkley, 151 Conn. 598, 201 A.2d 196 (1964); City of St. Louis v. McAllister, 302 Mo. 152, 257 S.W. 425 (1923); Barnes v. Kelly, 71 Conn. 220, 41 A. 772 (1898). It follows that the heirs at law of Joe Livsey, as well as the devisees and legatees named in the will, were indispensable parties to this action, unless it is otherwise provided or allowed by the Declaratory Judgment Act or Rule 39, V.T.R.C.P.

■ Appellees contend that as the Declaratory Judgment Act provides that "no declaration shall prejudice the rights of persons not parties to the proceedings", the omitted parties are at most only "insistible parties" rather than "indispensable parties," and that the court had the discretion to proceed without them. We cannot agree. The Act provides that all parties who have an interest which would be affected by the declaration *"shall be made parties . . · ."* The additional language to the effect that no declaration shall prejudice the rights of persons not parties to the action does not militate against this express command, but only serves to emphasize it. Stanley v. Mueller, 211 Or. 198, 315 P.2d 125, 71 A.L.R.2d 715 (1957). If the contrary were true, there could never be indispensable parties, but only proper parties to any declaratory judgment action. But our courts have often recognized that there are indispensable parties to such actions, thereby refusing to give the language relied upon by appellees the meaning which they would ascribe to it. See Mills v. Howell, 416 S.W.2d 453 (Tex.Civ.App. Austin 1967, no writ); City of Gilmer v. State, 281 S.W.2d 109 (Tex.Civ.App. Austin 1955, no writ). The overwhelming weight of authority supports our view. See annotation in 71 A.L.R.2d, p. 723, and Steelman v. Rosenfeld, 397 S.W.2d 906 (Tex.Civ.App. Dallas 1965) rev. other grounds 405 S.W.2d 301; Stanley v. Mueller, supra; Brantley v. Brantley, 258 Ala. 367, 63 So.2d 29 (1953); Edmondson v. Henderson, 246 N.C. 634, 99 S.E.2d 869 (1957); In Re: Bridge's Estate, 40 Wash. 2d 133, 241 P.2d 439 (1952); Town of Morganton v. Hutton & Bourbonnais Co., 247 N.C. 666, 101 S.E.2d 679 (1958). Some of the cases usually cited as supporting a contrary interpretation actually do not do so. The case of Parker v. Tillman, 228 La. 214, 81 So.2d 866 (1955) is not in point. The case of Trammell v. Glens Falls Indemnity Co., 259 Ala. 430, 66 So.2d 537 (1953) distinguishes itself from Brantley v. Brantley, supra, which fully supports our view, and holds that *Brantley* correctly states the rule when proper complaint is made of the absence of a necessary party. The apparent inconsistency in the language of the Act disappears when the distinction between necessary parties and proper parties is kept in mind. 71 A.L.R.2d 727. Necessary and indispensable parties *must* be joined; proper parties *may* be joined. If proper parties are joined, they are bound by the declaration; otherwise, they are not bound by the decree even though its declaration of law may indirectly or "practically" touch upon their interests. See 71 A.L.R.2d p. 727; Town of Morganton v. Hutton & Bourbonnais Co., supra.

■ It is true that Rule 39, and especially the amendment of the rule effective January 1, 1971, relaxed the requirements of necessary joinder and gave the trial court the discretion to determine if parties whose interests may be affected by the de-

cree are indispensable or only insistible, based upon various criteria enumerated in the rule. However, the rule making power is a limited power, exercisable only in a manner not inconsistent with the law of the State. Vernon's Ann.Tex.Const. Art. V, Sec. 25. As recently emphasized by our Supreme Court, when a rule of the court conflicts with a legislative enactment, the rule must yield. Few v. Charter Oak Fire Insurance Co., 463 S.W.2d 424 (Tex.Sup. 1971); Missouri, K. & T. Ry. Co. of Texas v. Beasley, 106 Tex. 160, 155 S.W. 183 (1913). As was the court in the *Few* case, we are faced with a relevant statute enacted by the Legislature, under which this action was brought. That act provides that all parties who have or claim any interest which would be affected by the declaration *shall be made parties.* Art. 2524–1, Vernon's Ann.Tex.Civ.St. It is implicitly recognized in Few v. Charter Oak Fire Insurance Company, supra, and generally recognized elsewhere, that the legislative use of the words "shall be made parties" indicates that joinder is mandatory, while the use of the words "may be joined" indicates that joinder is permissive. Although subject to exceptions, the word "shall" in legislative enactments has a clear mandatory connotation. State Board of Insurance v. Betts, 158 Tex. 612, 315 S.W.2d 279 (1958).

We therefore conclude that the legatees and devisees named in the will and the heirs at law of Joe Livsey are all indispensable parties to this action and that the trial court was without jurisdiction to proceed in the absence of any of them. Lack of indispensable parties is fundamental error which must be noted by the appellate court. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup.1966); Sharpe v. Landowners Oil Ass'n., 127 Tex. 147, 92 S.W.2d 435 (Tex.Comm.App.1936).

For the lack of indispensable parties, the judgment is reversed and remanded to the trial court with instructions that if such parties are not joined within a reasonable time, the action is to be dismissed.

Appellants' other points are not reached.