[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed a complaint alleging legal malpractice and breach of contract for legal advice that the defendant provided to the plaintiff, Betty Shea, as executrix of the estate of David Acello, deceased.[1] The defendant, Attorney John Loforese, filed a special defense alleging that the plaintiff lacked standing to maintain her claims because the plaintiff's tenure as administratrix terminated when the Probate Court accepted the plaintiff's affidavit of closing of estate. Subsequently, the CT Page 2327 defendant moved for summary judgment (#103) on the grounds that no genuine issue of material fact exists as to his special defense, and that he is entitled to judgment as a matter of law.
The defendant's motion for summary judgment is denied because the plaintiff has standing to maintain her claims. "[I]n Connecticut . . . the office of an executor or administrator does not terminate during his lifetime unless he is removed." CityTrust Co. v. Bulkley, 151 Conn. 598, 604, 201 A.2d 196 (1964); see also Kolodney v. Kolodney Bros., Inc., 21 Conn. Sup. 312,317, 154 A.2d 540 (1959). Here, the defendant has failed to submit any evidence that the court removed the plaintiff from her position. Furthermore, General Statutes § 45a-139 fails to bar the plaintiff's claims because the court has not yet required the plaintiff to file a bond. See General Statutes § 45a-139
("If bond is required of a fiduciary, his appointment shall not be effective until the bond has been accepted by the Court of Probate.")
So Ordered.
Dated at Stamford, Connecticut this 18th day of February, 2000
WILLIAM BURKE LEWIS, J.