COMMERCIAL CASUALTY INS. CO. *v.* TRI-STATE TRANSIT CO. OF LOUISIANA, INC.

(*Nashville*, December Term, 1940.)

Opinion filed January 11, 1941.

WINCHESTER & BEARMAN, of Memphis, for appellant.

McDONALD, McDONALD & BROWN, of Memphis, for appellee.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is a suit brought under the Tennessee Declaratory Judgment Law. Code, section 8835 et seq. The chancellor sustained defendant's demurrer to the bill and dismissed the same. Complainant has appealed to this court and assigned errors.

The substance of the bill is that complainant, a New Jersey corporation, domesticated in Tennessee, is engaged in writing various forms of casualty insurance in Tennessee, Arkansas and elsewhere; that it issued to defendant an automobile liability policy and on August 1, 1938, while this policy was in force and effect, a bus owned and operated by defendant, and covered by the policy, became involved in an accident in the State of Arkansas, resulting in personal injuries to one W. Guy O'Neal and damage to his automobile, and also in personal injuries to one McNabb who was riding with O'Neal as a passenger. That thereafter a suit was filed in the

circuit court of Scott County, Arkansas, by W. Guy
O'Neal and McNabb against the Tri-State Transit Company of Louisiana, Inc., defendant here, and at the November term, 1939, a judgment was rendered in favor of these plaintiffs against defendant in the amount of $1,750.

It is recited in the bill that the automobile policy issued to the defendant contained a condition that in the event of an accident written notice should be given the insurance company as soon as practicable; that such notice shall contain reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and all available witnesses. That the policy also contained the provision that no liability of the insurer on account of the accident under the policy could attach unless the insured complied with the above-mentioned provision.

The bill proceeded to aver that complainant received no notice of any kind from defendant about the accident in question from the date of its occurrence on August 1, 1938, until three months thereafter when it was apprized of the accident by the attorney for one of the persons injured in the accident; that being thus advised, complainant communicated with defendant and was advised by the defendant that it had no knowledge of the accident or of the contentions made by either of the parties alleged to have been injured and, therefore, could not report it; that being thus advised, the complainant proceeded "to handle the matter," after giving written notice of its position to the defendant and of the fact that if it was later proven that defendant, its agents or employees, did have knowledge of the accident and were in a position to report it that such omission constituted a breach of the policy contract.

It is further alleged in the bill that it developed in the

course of the trial of the suit in Scott County, Arkansas, that the defendant did know of the accident at the time of its occurrence and deliberately and carelessly failed to report the same to complainant in accordance with the condition of the policy. That as soon as complainant ascertained that defendant did have knowledge of this accident and failed to report the same, it immediately tendered further defense of the suit to defendant, which defendant refused, and after putting the defendant on notice that it was proceeding with the defense of the case under protest and with full reservation of rights, complainant proceeded to defend the suit at its own expense. That after the rendition of the judgment in the circuit court of Scott County, Arkansas, complainant advised defendant that its policy had been breached and that the judgment would not be paid by the complainant unless and until by decree of a court of competent jurisdiction it was found that the complainant was liable for the payment of the judgment. That defendant has advised complainant that it proposes to, itself, pay the judgment and institute suit against complainant under the indemnity agreement of the policy contract.

The prayer of the bill, in part, is that complainant be awarded a decree for the amount of expenses it has incurred in the defense of the aforesaid lawsuit, and further be awarded a decree discharging and exonerating it from any and all further liability of any kind or character to the defendant, and on account of any sum which defendant may be required to pay in satisfaction of the judgment.

A copy of the policy in question was not exhibited with the bill.

Defendant demurred to the bill upon a number of grounds, the third ground being as follows: ''The Bill

shows upon its face that W. Guy O'Neal and McNabb, both residents of Arkansas, have procured judgments against defendant, and are interested parties in the liability of complainant; but are not made parties to the bill. For that reason, no complete decree can be made in this cause."

The chancellor sustained the demurrer as a whole, which action the complainant assigns as error.

Declaratory judgment may be refused where, if rendered, it would not terminate the uncertainty or controversy giving rise to the proceeding. Code, section 8840; *Miller* v. *Miller,* 149 Tenn., 463, 261 S. W., 965. It may be inferred from the bill that defendant is an interstate motor carrier. If such is the case, then under the Federal Motor Carrier Act (Title 49, "Transportation," sec. 315, U. S. C. A.) defendant, under its certificate or permit, was obligated to comply with such reasonable rules and regulations as the Interstate Commerce Commission shall prescribe governing the filing and approval of surety bonds, policies of insurance, or other securities or agreements, in such reasonable amounts as the Commission may require, "conditioned to pay, within the amount of such surety bonds, policies of insurance . . . any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others." The policy of insurance here in question, or a copy thereof, is not exhibited with the bill; so, we have no way of ascertaining whether or not the policy is conditioned as required by the Federal Motor Carrier Act. Furthermore, the bill leaves it a matter of uncertainty and doubt that defendant is an interstate motor carrier, though, as before

stated, it may be inferred from the bill that defendant is such a carrier. If this be true, and if the policy of insurance be conditioned as required by the Federal Motor Carrier Act, then it follows that Guy O'Neal and McNabb were necessary parties to this bill, their interests being directly involved. Not having been made parties defendant, any declaratory judgment entered herein would not be binding upon them, Code, section 8845, and would not terminate the controversy or remove the uncertainty giving rise to the proceedings. Annotation, 87 A. L. R., 1244.

The chancellor properly sustained the third ground of demurrer. Having reached this conclusion, it is unnecessary to notice the other grounds of demurrer. The result is that the decree of the chancellor dismissing the bill is affirmed. Complainant will pay the costs of the appeal.