IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 19, 2018 Session

**TENNESSEE FARMERS MUTUAL INSURANCE
COMPANY v. BRANDON W. DᴇBRUCE**

**Appeal from the Chancery Court for Bradley County
No. 2015-CV-61    Jerri S. Bryant, Chancellor**

_____

**No. E2017-02078-COA-R3-CV**

_____

This appeal involves a plaintiff with a personal injury claim who has challenged the validity of a declaratory judgment involving the defendant tortfeasor and his insurer because the personal injury plaintiff was not made a party to the declaratory judgment action. The personal injury plaintiff brought an action for damages against the defendant tortfeasor in December 2013 in Hamilton County, prior to the filing of the instant declaratory judgment action, based upon an automobile accident that occurred in December 2012. The defendant tortfeasor in the personal injury action reportedly failed to notify his insurance company of the lawsuit or cooperate with his insurance company regarding an investigation into the accident, which allegedly amounted to a breach of the automobile insurance policy between them. In March 2015, the insurance company filed the instant action in the Bradley County Chancery Court against the defendant tortfeasor, seeking a declaratory judgment that the insurance company had no duty to defend or indemnify the defendant tortfeasor based on his alleged breach of the insurance contract. In June 2015, the Bradley County Chancery Court entered a declaratory judgment against the defendant tortfeasor, holding that the insurer had no duty to defend or indemnify him. In June 2017, the personal injury plaintiff filed a petition to set aside that declaratory judgment pursuant to Tennessee Rule of Civil Procedure 60.02, alleging that she was a missing indispensable party to the declaratory judgment action and requesting to intervene therein. Following a hearing, the Bradley County Chancery Court denied the personal injury plaintiff's petition. The personal injury plaintiff has appealed. Having determined that the personal injury plaintiff had a sufficient interest in the declaratory judgment action and was therefore an indispensable party, we set aside the underlying declaratory judgment as void for lack of subject matter jurisdiction.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Gary Massey, R. Ethan Hargraves, Danny R. Ellis, and Joshua R. Ward, Chattanooga, Tennessee, for the appellant, Christina Wright.

Michael R. Campbell, Chattanooga, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company.

**OPINION**

I.  Factual and Procedural Background

The underlying facts of this case are undisputed. On December 12, 2012, Brandon W. DeBruce was involved in an automobile accident with Christina D. Wright in Hamilton County, Tennessee. At that time, Mr. DeBruce was insured through an automobile insurance policy issued by Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"). Following notification of the accident by Mr. DeBruce's spouse, Tennessee Farmers paid $15,033.06 to Mr. DeBruce and $1,807.00 to Ms. Wright for property damages pursuant to the collision and liability coverage provisions of the policy. Subsequently, on December 6, 2013, Ms. Wright filed a complaint against Mr. DeBruce in Hamilton County Circuit Court, alleging personal injury as a result of the automobile accident and requesting $500,000.00 in damages.[1] Tennessee Farmers concedes that Ms. Wright obtained service of process upon Mr. DeBruce in September 2014.

On March 19, 2015, Tennessee Farmers filed a complaint in the Bradley County Chancery Court ("trial court"), seeking a declaratory judgment pursuant to Tennessee's Declaratory Judgments Act. *See* Tenn. Code Ann. § 29-14-101, *et seq.* (2012). With its complaint, Tennessee Farmers attached a copy of the automobile insurance policy covering Mr. DeBruce, which expressly required Mr. DeBruce to notify Tennessee Farmers "[i]f a claim is made or a suit is brought against any person or entity who claims coverage under this policy" and further required Mr. DeBruce to cooperate with Tennessee Farmers' investigation following any accident. Tennessee Farmers alleged that Mr. DeBruce had neither notified the company of Ms. Wright's lawsuit against him nor cooperated with its investigation into the accident, which it claimed amounted to a material breach of Mr. DeBruce's responsibilities pursuant to the automobile insurance

_____

[1] The pleadings from the personal injury action filed in Hamilton County are not part of the record for this case on appeal. The record does not indicate whether Tennessee Farmers provided legal defense for Mr. DeBruce in the personal injury action or was in any other way involved in the Hamilton County Circuit Court proceedings.

policy. Tennessee Farmers did acknowledge, however, that Ms. Wright's counsel had notified it of the pending Hamilton County lawsuit in January 2015. Tennessee Farmers requested a declaratory judgment that it was no longer required to defend or indemnify Mr. DeBruce in Ms. Wright's lawsuit against him because of his breach of the policy's requirements.

Although service in the declaratory judgment action was perfected against Mr. DeBruce, he did not respond to the complaint. Subsequently, Tennessee Farmers filed a motion for default judgment on May 11, 2015. On May 26, 2015, Tennessee Farmers filed a notice of hearing on its motion for default judgment, and on June 15, 2015, the trial court conducted a hearing on the motion. The trial court subsequently entered default judgment against Mr. DeBruce on June 22, 2015. None of the pleadings in the declaratory judgment action reflect service upon Ms. Wright or her counsel.

On March 17, 2017, Ms. Wright, who was not a party to the declaratory judgment action, filed a motion in the trial court to set aside the judgment pursuant to Tennessee Rule of Civil Procedure 60.02. Ms. Wright alleged that she was an indispensable party to the declaratory judgment action because she had "a direct interest in its outcome, as the judgment leaves Mr. DeBruce without the means to satisfy or defend himself in the proceedings in Hamilton County."[2] Ms. Wright requested that the trial court set aside the judgment as void, "allow Ms. Wright to intervene as an interested party, and set a hearing to determine the matter on the merits." On June 6, 2017, Ms. Wright filed a "Petition to Set Aside Judgment," which was nearly identical in form and substance to her March 17, 2017 motion.

Following a hearing, the trial court denied Ms. Wright's petition to set aside the default judgment via an order entered September 20, 2017.[3] The court explained in its order in pertinent part:

> Both parties have provided case law concerning the rights of parties. According to the case law, Ms. Wright is, at most, an incidental

---

[2] The record does not indicate the financial status of Mr. DeBruce or whether Mr. DeBruce had independently retained counsel to represent him in the personal injury action in Hamilton County.

[3] The trial court ruled on Ms. Wright's "Petition to Set Aside Judgment" in its order and did not explicitly rule on or dismiss the "Motion to Set Aside Final Judgment." The trial court acknowledged the existence of the identical motion, however, and appears to have consolidated the two filings in its order. We determine that the redundant motion in this case raised no new issues, meaning that the finality of the judgment was not affected. *See, e.g.*, *In re Estate of Ridley*, 270 S.W.3d 37, 40 (Tenn. 2008) (determining that a judgment is final "if it adjudicated all the claims raised in the pleadings and the rights and liabilities of all the parties").

beneficiary. As such, there is an additional question of "does she have an interest which would be affected by the declaration." Certainly Ms. Wright's ability to collect on any judgment she obtained against Mr. DeBruce for his liability in an automobile accident would be affected by the declaration in this case. [Tennessee Farmers] was put on notice that Ms. Wright would be making a claim against [Mr. DeBruce] in January 2015. [Tennessee Farmers] filed this declaratory judgment action in March 2015 claiming [Mr. DeBruce] failed twice to give his examination under oath after failing to give them notice he was in an accident. A default judgment was granted. Ms. Wright claims she is an indispensable party to this suit, since indispensable is defined as "any person with an interest." After questioning both counsel in this case, it was represented [that] this is a case of first impression.

Mr. DeBruce had a right in this case, which he failed to protect by not filing an answer to the complaint in this matter and having a default judgment rendered against him in 2015. He has not asked this Court to set it aside. The court therefore finds that while Ms. Wright had an interest affected by the outcome of the case, she was an incidental beneficiary. Further, her rights rise no higher than the rights of Mr. DeBruce which were negated by his failure to cooperate. . . .

Therefore, the petition filed in this matter by Ms. Wright is hereby denied and dismissed.

Ms. Wright timely appealed.

## II. Issues Presented

Ms. Wright presents one issue for our review:

1. Whether the trial court erred by denying Ms. Wright's petition seeking to set aside the declaratory judgment based upon the trial court's finding that Ms. Wright had only an "incidental" interest in the outcome of the case.

Tennessee Farmers presents one additional issue for review:

2. Whether Ms. Wright had standing or asserted proper grounds to challenge the trial court's entry of default judgment in favor of Tennessee Farmers against Mr. DeBruce.

4

## III. Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *See Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

A trial court's decision to deny relief pursuant to Tennessee Rule of Civil Procedure 60.02 is reviewed for an abuse of discretion. *See Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Similarly, trial courts have discretion to determine the presence of necessary parties to a declaratory judgment and to require their joinder.[4] *See Reed v. Town of Louisville*, No. E2006-01637-COA-R3-CV, 2007 WL 816521, at *2 (Tenn. Ct. App. Mar. 19, 2007). Our Supreme Court has elucidated generally that "[a]n abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Id.*

## IV. Standing and Subject Matter Jurisdiction

Rule 60.02 provides in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding" if the judgment is void or for "any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02. In her motion and

---

[4] The courts of this state have traditionally utilized the terms "necessary party" and "indispensable party" interchangeably. *See*, *e.g.*, *Brewer v. Lawson*, 569 S.W.2d 856, 858 (Tenn. Ct. App. 1978) ("Only a party who will be directly affected by a decree and whose interest is not represented by any other party to the litigation is an indispensable or necessary party, that is, one without which no valid decree may be entered settling the rights between the parties that are before the Court.").

petition to set aside the final judgment, Ms. Wright asserted that the order granting a declaratory judgment was void because the trial court did not possess subject matter jurisdiction due to the non-joinder of an indispensable party. Ms. Wright also sought to intervene in the action. Tennessee Farmers contends that Ms. Wright had no standing to file a motion to set aside the final judgment because (1) she was not a party to the proceedings and (2) Tennessee Rule of Civil Procedure 60.02 provides no avenue of relief for non-parties.

We note, however, that Ms. Wright's petition to set aside the judgment and her sole issue on appeal challenge the trial court's subject matter jurisdiction due to the court's alleged noncompliance with the Declaratory Judgments Act. A declaratory judgment action with missing indispensable parties raises a question of the trial court's subject matter jurisdiction, which this Court may address *sua sponte*. *See Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004) ("Tennessee's courts derive subject matter jurisdiction from the state constitution or from legislative acts."); *Morrow v. Bobbit*, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996) ("This Court is required to consider the subject matter jurisdiction of both this Court and the trial court regardless of whether the existence thereof is presented as an issue."); *Huntsville Util. Dist. of Scott Cty., Tenn. v. Gen. Trust Co.*, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992), *perm. app. denied* (Tenn. May 26, 1992) ("Parties seeking declaratory relief must also satisfy the more specific requirements of the Declaratory Judgments Act before the courts have jurisdiction to grant declaratory relief."). "It is well settled that, when the court has no jurisdiction of the subject-matter, it cannot be conferred either by waiver or consent, and all of its orders and decrees are a nullity, and may be collaterally attacked." *Shelby Cty. v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963) (quoting *In re S. Lumber & Mfg. Co.*, 210 S.W. 639, 640 (Tenn. 1919)).

Upon an examination of the trial court's jurisdiction over this case, and for the reasons set forth in the following section, we determine that the trial court did not have subject matter jurisdiction to enter a declaratory judgment in Ms. Wright's absence. *See Huntsville Util. Dist.*, 839 S.W.2d 403. The trial court, therefore, also did not have subject matter jurisdiction to subsequently rule on Ms. Wright's petition to set aside the judgment. *See Osborn*, 127 S.W.3d at 739 ("Courts may not exercise jurisdictional powers that have not been conferred on them directly or by necessary implication."). Having determined that the issue of subject matter jurisdiction is dispositive, we will not review the trial court's order denying Ms. Wright's petition to set aside the judgment or Tennessee Farmer's argument regarding Ms. Wright's standing. We vacate the declaratory judgment order and remand this case for either the joinder of all indispensable parties or dismissal for lack of subject matter jurisdiction.

6

V. Indispensable Parties to a Declaratory Judgment

Tennessee Code Annotated § 29-14-107 (2012) sets forth the general requirements for parties to be joined to a claim brought pursuant to the Declaratory Judgments Act. Pertinent to this case, the statute provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." Tenn. Code Ann. § 29-14-107(a). As this Court has explained concerning the strict requirements imposed by the Declaratory Judgments Act with respect to the joinder of necessary parties:

> Because of the nature of declaratory relief, the Declaratory Judgments Act, Tenn. Code Ann. § 29-14-101 *et seq.*, "makes it incumbent that every person having an affected interest be given notice and an opportunity to be heard before declaratory relief may be granted." *The Huntsville Utility District of Scott County, Tenn. v. General Trust Co.*, 839 S.W.2d 397, 403 (Tenn. [Ct.] App. 1992). Tenn. Code Ann. § 29-14-107(a) requires:

>> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.

> *Id.* The statute, therefore, imposes stricter requirements than those imposed generally by the Tennessee Rules of Civil Procedure requiring the joinder of indispensable parties in all types of cases. *See*[,] *e.g.*, Tenn. R. Civ. P. 19.01 and 19.02. Consequently, non-joinder of necessary parties is fatal on the question of a justiciable issue, which, in an action for declaratory judgment, is a necessary condition of judicial relief. *See Huntsville Utility*, 839 S.W.2d at 399 (citing *Wright v. Nashville Gas & Heating Co.*, 183 Tenn. 594, 598, 194 S.W.2d 459, 461 (1946)); *Powers v. Vinsant*, 165 Tenn. 390, 54 S.W.2d 938 (1932).

*Timmins v. Lindsey*, 310 S.W.3d 834, 839 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. Mar. 15, 2010).

Ms. Wright contends that the plain language of the statute requires the joinder of all persons who claim an interest that would be affected by the declaration, regardless of how minor that interest may be. Specifically, Ms. Wright asserts that the trial court applied an incorrect legal standard by determining that she was not an indispensable party

7

despite finding that she "had an interest affected by the outcome of the case." Under Ms. Wright's interpretation of the statute, the trial court's determination that she was "at most, an incidental beneficiary" should not have factored into the determination of whether she was an indispensable party.

In contrast, Tennessee Farmers contends that the trial court has wide discretion to determine who might be necessary or indispensable parties to a declaratory judgment action. *See Timmins*, 310 S.W.3d at 839. Tennessee Farmers postulates that the trial court applied a proper legal standard by determining that Ms. Wright, being "at most, an incidental beneficiary," was too remotely affected to be an indispensable party to a declaratory judgment. *See Shelby Cty. Bd. of Comm'rs v. Shelby Cty. Quarterly Court*, 392 S.W.2d 935, 940 (Tenn. 1965) ("It is true the nonjoinder of necessary parties is fatal on the question of a justiciable issue, which, in an action for a declaratory judgment, is a necessary condition of judicial relief. This does not mean, however, all persons who might be remotely affected need be joined."). In the alternative, Tennessee Farmers contends that Ms. Wright was not an indispensable party because her inclusion in the declaratory judgment action would not change the outcome. Upon a thorough review of the record and relevant case law, we determine that the trial court applied an incorrect legal standard when determining that Ms. Wright was not an indispensable party to the declaratory judgment concerning Tennessee Farmers' defense and indemnification of Mr. DeBruce.

Contrary to the parties' representations to the trial court, this is not a case of first impression in Tennessee. Our Supreme Court addressed a similar situation in the case of *Commercial Cas. Ins. Co. v. Tri-State Transit Co. of La.*, 146 S.W.2d 135 (Tenn. 1941). In *Commercial Cas. Ins. Co.*, a bus operated by Tri-State Transit Company ("Tri-State") was involved in an automobile accident while covered under an insurance policy issued by Commercial Casualty Insurance Company ("Commercial Casualty"). *Id.* at 135. The injured parties from that accident subsequently filed suit against Tri-State in Scott County, Arkansas. *Id.* Tri-State did not notify Commercial Casualty of the pending lawsuit, however, in an apparent breach of the contract of insurance between them. *Id.* at 136. After learning of the lawsuit through other means, Commercial Casualty notified Tri-State of the breach and its decision to "proceed[] with the defense of the case under protest and with full reservation of rights." *Id.* After the Arkansas trial court rendered judgment against Tri-State, Commercial Casualty brought suit against Tri-State in Tennessee, requesting a declaratory judgment that the insurance policy had been breached and Commercial Casualty had no duty to indemnify Tri-State.[5] *Id.* Tri-State

---

[5] The relevant section of Tennessee's Declaratory Judgments Act was codified at Tennessee Code Annotated § 8845 at the time that the opinion in *Commercial Cas. Ins. Co.* was filed. The language of § 8845, now codified at Tennessee Code Annotated § 29-14-107, has not changed.

moved to dismiss, arguing, *inter alia*, that the injured parties who had filed the personal injury claim against it were missing necessary parties in the declaratory judgment action. *Id.*

In *Commercial Cas. Ins. Co.*, our Supreme Court held that the injured parties who had filed the original personal injury claim were necessary parties and indispensable to the declaratory judgment action regarding the insurance company's duty to indemnify. *Id.* As the Court explained:

> Declaratory judgment may be refused where, if rendered, it would not terminate the uncertainty or controversy giving rise to the proceedings. . . . It may be inferred from the bill that defendant is an interstate motor carrier. If such is the case, then under the Federal Motor Carrier Act . . . defendant, under its certificate or permit, was obligated to comply with such reasonable rules and regulations as the Interstate Commerce Commission shall prescribe [including the maintenance of surety bonds or an insurance policy for payment of] any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others. . . . If this be true, and if the policy of insurance be conditioned as required by the Federal Motor Carrier Act, then it follows that [the injured parties from the personal injury suit] were necessary parties to this bill, their interests being directly involved. Not having been made parties defendant, any declaratory judgment entered herein would not be binding upon them . . . and would not terminate the controversy or remove the uncertainty giving rise to the proceedings.

*Id.* at 136-37 (internal quotations and citations omitted) (emphasis added). The High Court accordingly affirmed the trial court's dismissal of the declaratory judgment action for failure to join the necessary interested parties. *Id.* at 136.

Similarly, and as pertinent to this matter, Tennessee law requires automobile drivers to maintain acceptable proof of financial responsibility as defined by the Tennessee Financial Responsibility Law of 1977. *See* Tenn. Code Ann. § 55-12-101, *et seq.* (2017). "Although the Financial Responsibility Law does not, by its express terms, require drivers to obtain liability insurance in order to comply, the Law clearly contemplates that most drivers will comply by purchasing liability insurance." *Purkey v. Am. Home Assur. Co.*, 173 S.W.3d 703, 706-07 (Tenn. 2005); *see* Tenn. Code Ann. § 55-12-102(12) (2017) (defining "proof of financial responsibility" as proof of liability

9

insurance, self insurance, or deposit of cash or post of bond in the amount of $60,000). As our Supreme Court has explained:

> The purpose of Tennessee's Financial Responsibility Law is to protect innocent members of the public from the negligence of motorists on the roads and highways. Specifically, "[t]he financial responsibility laws of this State are concerned with the ability of an automobile driver to pay for bodily injury and property damage for which he may be legally liable."

*Purkey*, 173 S.W.3d at 706 (quoting *Schultz v. Tenn. Farmers Mut. Ins. Co*, 463 S.W.2d 702, 703 (Tenn. 1971)).

We do not agree with Ms. Wright's contention that Tennessee's Declaratory Judgments Act requires the joinder of all parties who claim an interest that might be affected by the declaratory judgment regardless of the directness or proximity of their claim. *See Shelby Cty. Bd. of Comm'rs*, 392 S.W.2d at 940; *Byrn v. Metro. Bd. of Pub. Educ.*, No. 01-A-019003-CV-00124, 1991 WL 7806, at *5 (Tenn. Ct. App. Jan. 30, 1991) ("Persons having only an indirect interest in the subject matter of the suit need not be joined."). However, we determine our Supreme Court's decision in *Commercial Cas. Ins. Co.* to be controlling on the issue of Ms. Wright's interest in the instant action. Specifically, we determine that the mandatory nature of liability insurance or other proof of financial responsibility renders the interest of an injured motorist sufficiently direct so as to make that motorist a necessary party to a declaratory judgment action on the issue of coverage between a defendant tortfeasor and the tortfeasor's insurer. *See, e.g.*, *Commercial Cas. Ins. Co.*, 146 S.W.2d at 136-37.

Case law from other states with similar interpretations of the requirements for declaratory judgment actions supports this determination as well. Although decisions from other states are not binding on this Court, states adopting similar statutes based on the Uniform Declaratory Judgments Act ("UDJA") may be examined as persuasive authority. *See Ottinger v. Stooksbury*, 206 S.W.3d 73, 79 (Tenn. Ct. App. 2006) (determining that, in the absence of Tennessee case law directly on point, the court could consider out-of-state case law as persuasive authority).

When considering other jurisdictions that have incorporated the UDJA into their statutory framework, we note that there is a lack of consensus concerning the interpretation of the language stemming from Section 11 of the UDJA, which requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." *See* Unif. Declaratory Judgments Act § 11, 12 U.L.A. 516 (1994); *see also* Tenn. Code Ann. § 29-14-107. Specifically, certain states, such as North

10

Carolina, Pennsylvania, Arkansas, and New Mexico, align with our Supreme Court's interpretation of the UDJA in *Commercial Cas. Ins. Co.* by strictly construing the above-quoted language to mean that a court must either join all necessary parties or refuse to entertain the declaratory judgment action. *See Files v. Hill*, 594 S.W.2d 836, 841 (Ark. 1980); *Gallegos v. Nev. Gen. Ins. Co.*, 248 P.3d 912, 917 (N.M. Ct. App. 2010); *Edmondson v. Henderson*, 99 S.E.2d 869, 871-72 (N.C. 1957); *Vale Chem. Co. v. Hartford Accident & Indem. Co.*, 516 A.2d 684, 687 (Pa. 1986).

Other jurisdictions have held that the failure to join a necessary party does not preclude the trial court from having subject matter jurisdiction over a declaratory judgment action; rather, the declaratory judgment will be treated as non-binding on the absent parties. *See Hartman v. United Heritage Prop. & Cas. Co.*, 108 P.3d 340, 343 (Idaho 2005); *Harp v. Ind. Dep't of Highways*, 585 N.E.2d 652, 658 (Ind. Ct. App. 1992); *Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743, 750 (Mich. 1993); *El Naggar Fine Arts Furniture, Inc. v. Indian Harbor Ins. Co.*, 248 S.W.3d 202, 209 (Tex. Ct. App. 2007); *see also Metro. Prop. & Liab. Ins. Co. v. Acord*, 465 S.E.2d 901, 910 (W. Va. 1995) (holding that "it was sufficient that all interested parties in the case had been notified of the pending action, thereby providing them an opportunity to participate in the action if they so desired").

One state in particular, Pennsylvania, interprets the joinder requirement from Section 11 of the UDJA in a similar manner to our Supreme Court's interpretation in *Commercial Cas. Ins. Co.* and has also addressed the issue of whether injured parties are indispensable to a declaratory judgment between a defendant tortfeasor and the tortfeasor's insurer. *See Vale Chem. Co.*, 516 A.2d at 687 ("No adequate reason has been advanced for us to ignore the statutory requirement that all interested parties shall be joined before a declaratory judgment can issue."). In *Vale Chem. Co.*, Pennsylvania's Supreme Court reviewed a case wherein a drug manufacturer brought a declaratory judgment action against its product liability insurers without also joining the plaintiff from the related product liability action brought against the manufacturer. *See* 516 A.2d at 685-86. First noting that the original parties to the declaratory judgment action "concede, as they must, that the [product liability] plaintiff has an interest in seeing that an insurance company pays the judgment against its insured," the Pennsylvania Supreme Court upheld the determination that

> where claims are asserted against an insured, the persons asserting the claims are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and the insurance carrier. The failure to join a claimant whose interests would be affected has been held to be fatal error.

11

*Id.* at 686 (quoting *Pleasant Twp., Warren Cty. v. Erie Ins. Exch.*, 348 A.2d 477, 479-80 (Pa. Commw. Ct. 1975) (quoting in turn existing case law from a previous opinion issued by Pennsylvania's Supreme Court)).

We find the reasoning of the Pennsylvania courts to be persuasive under these circumstances. We therefore determine that the holding of our Supreme Court in *Comm. Cas. Ins. Co.* and persuasive authority from similar jurisdictions support a determination that Ms. Wright, as an injured plaintiff, had a sufficiently direct interest in the declaratory judgment action between Mr. DeBruce and Tennessee Farmers so as to render her an indispensable party to that action. The trial court therefore maintained no subject matter jurisdiction to render a declaratory judgment in Ms. Wright's absence.

We note that the drug manufacturer in *Vale Chem. Co.* was no longer a party to the product liability plaintiff's suit at the time that the Pennsylvania Supreme Court reviewed the declaratory judgment action, meaning that the plaintiff's later inclusion in the suit would have had no material effect on the outcome of the related controversy. *See Vale Chem. Co.*, 516 A.2d at 295 n.2. Recognizing that the non-joinder of parties was strictly an issue of subject matter jurisdiction, the court in that case stated that any material effect was "irrelevant to a determination of whether there was jurisdiction over this matter when it was first filed." *Id.* Similarly, here, although we cannot predict the extent to which Ms. Wright's inclusion will have an effect on the outcome of this litigation, we are not persuaded that this uncertainty precludes Ms. Wright's inclusion as a necessary party. Tennessee's Declaratory Judgments Act requires the joinder of all parties who "have or claim any interest which would be affected by the declaration." *See* Tenn. Code Ann. § 29-14-107(a). This is a qualification independent from whether a party has material evidence to contribute. Ms. Wright's impact on the outcome of the declaratory judgment action is thereby irrelevant as to whether the trial court had subject matter jurisdiction when the suit was initially filed.

We conclude that Ms. Wright, as a person allegedly injured due to the actions of the insured, Mr. DeBruce, was a necessary party to the declaratory judgment action brought to resolve Tennessee Farmers' obligation of defense and indemnification of Mr. DeBruce. This means that without the joinder of Ms. Wright as a necessary party, the trial court lacked subject matter jurisdiction and would have been unable to enter a declaratory judgment in the case at bar. *See Huntsville Util. Dist.*, 839 S.W.2d 403 ("Parties seeking declaratory relief must also satisfy the more specific requirements of the Declaratory Judgments Act before the courts have jurisdiction to grant declaratory relief.").

Accordingly, we determine that the trial court erred by applying an incorrect legal standard concerning Ms. Wright's position as an interested party. *See Lee Med., Inc.*, 312

S.W.3d at 524. Specifically, the trial court made two determinations with respect to Ms. Wright's legal interest. First, the court determined that Ms. Wright was "at most, an incidental beneficiary." As previously discussed, however, our Supreme Court has held that mandatory insurance or proof of financial responsibility directly affects the interests of injured motorists. *See Comm. Cas. Ins. Co.*, 146 S.W. at 137. Second, the trial court determined that Ms. Wright's rights "rose no higher than the rights of Mr. DeBruce," which the court found Mr. DeBruce had negated "by not filing an answer to the complaint in this matter and having a default judgment rendered against him in 2015." We note, however, that a judgment entered without subject matter jurisdiction is void and thus cannot be relied upon as dispositive of rights. *See Osborn*, 127 S.W.3d at 739. We therefore vacate the trial court's declaratory judgment order as void due to lack of subject matter jurisdiction.

## VI. Conclusion

For the foregoing reasons, we vacate the declaratory judgment entered by the trial court on June 22, 2015, as void due to lack of subject matter jurisdiction. We remand this matter to the trial court, pursuant to applicable law, for the joinder of any necessary parties pursuant to Tennessee Code Annotated § 29-14-107 and consistent with this opinion or, in the alternative, dismissal of the case for lack of subject matter jurisdiction. Costs on appeal are taxed to the appellee, Tennessee Farmers Mutual Insurance Company.

_____
THOMAS R. FRIERSON, II, JUDGE

13