FILED
10/16/2019
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 30, 2019 Session[1]

## TENNESSEE FARMERS MUTUAL INSURANCE COMPANY v. BRANDON DEBRUCE

**Appeal by Permission from the Court of Appeals
Chancery Court for Bradley County
No. 2015-CV-61     Jerri S. Bryant, Chancellor**

———————————————————

**No. E2017-02078-SC-R11-CV**

———————————————————

We granted review to determine whether a trial court had authority in a declaratory judgment action to resolve coverage issues between an insurance company and its insured when a claimant, who had sued the insured but did not have a judgment against him, was not a party to the action. Here, the claimant sued the insured for damages arising from an automobile accident. The insured did not cooperate with his insurance company. The insurance company sued its insured, seeking a declaratory judgment that the company did not have to provide liability coverage based on the insured's lack of cooperation. The trial court awarded the insurance company a default judgment, holding that the company did not have to provide coverage under the policy. Nearly two years later, the claimant moved the trial court to set aside the default judgment and allow her to intervene, asserting that she was a necessary party. The trial court denied the motion. The Court of Appeals ruled that the trial court lacked jurisdiction over the declaratory judgment action because the claimant was a necessary party, and the insurance company had not joined the claimant in the action. We hold that the insurance company and its insured—not the claimant—were necessary parties to the declaratory judgment action. The trial court could decide the coverage dispute between the insurance company and its insured with finality and certainty without the claimant's participation in the action. The claimant, who had no judgment against the insured and could not bring a direct action against the insurance company to collect any damages caused by the insured, had no interest affected by the dispute between the company and its insured. The trial court had authority to grant declaratory relief because all necessary parties were before the court.

———

[1] We heard oral argument on the campus of Lipscomb University in Nashville, Davidson County, Tennessee, as part of the American Legion Auxiliary Volunteer Girls State S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Judgment of the Trial Court Affirmed**

SHARON G. LEE, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Michael R. Campbell and Lauren M. Turner, Chattanooga, Tennessee, for the appellant, Tennessee Farmers Mutual Insurance Company.

R. Ethan Hargraves, Gary Massey, and Joshua R. Ward, Chattanooga, Tennessee, for the appellee, Christina Wright.

Kenneth W. Ward, Hannah S. Lowe, and Elijah T. Settlemyre, Knoxville, Tennessee, and Hal S. "Hank" Spragins, Jr., Memphis, Tennessee, for amicus curiae Tennessee Defense Lawyers Association.

## OPINION

### I.

A vehicle driven by Brandon DeBruce rear-ended a vehicle driven by Christina Wright on Interstate 24 in Hamilton County in December 2012. DeBruce was insured under an automobile liability insurance policy issued by Tennessee Farmers Mutual Insurance Company. DeBruce's wife timely reported the accident to Tennessee Farmers. Tennessee Farmers paid DeBruce and Wright for their property damage under DeBruce's insurance policy.

In December 2013, Wright sued DeBruce in the Circuit Court for Hamilton County, seeking compensation for her injuries arising out of the collision. In September 2014, DeBruce was served with a summons and a complaint. DeBruce did not notify Tennessee Farmers about the lawsuit even though the policy required him to send to Tennessee Farmers "at once . . . every summons, legal process or other legal paper received."[2] Tennessee Farmers learned about the lawsuit in January 2015 from Wright's attorney.

---

[2] The policy states:

**Notice to Us of Claim or Suit**

If a claim is made or a suit is brought against any person . . . who claims coverage under this policy, that person . . . must at once send **us** every demand, notice and/or claim made, and every summons, legal process or other legal paper received.

DeBruce did not respond to telephone calls from Tennessee Farmers and twice failed to appear for an examination under oath. Under the policy, DeBruce had to cooperate with Tennessee Farmers in investigating and defending the claims asserted in the lawsuit.[3]

In March 2015, Tennessee Farmers filed this declaratory judgment action against DeBruce in the Bradley County Chancery Court under Tennessee's Declaratory Judgments Act, Tennessee Code Annotated section 29-14-101 et seq. Tennessee Farmers asserted that DeBruce breached the insurance policy when he did not notify Tennessee Farmers of the lawsuit filed by Wright and failed to cooperate in the investigation of the accident. Tennessee Farmers sought a declaratory judgment that it did not have to provide a defense to DeBruce in the personal injury suit or indemnify him for any damages awarded to Wright. DeBruce did not respond. In June 2015, the trial court granted Tennessee Farmers' motion for default judgment, holding that it had no duty to defend or indemnify DeBruce in the personal injury lawsuit based on his breach of the insurance policy.

In March 2017, Wright moved to set aside the default judgment under Tennessee Rule of Civil Procedure 60.02 and allow her to intervene.[4] Wright asserted that she was an indispensable party to the declaratory judgment action because she had a direct interest in the outcome of the case. In denying Wright's motion, the trial court held that she was not a necessary party. The trial court found that Wright's interest was insufficient to make her a necessary party because she was merely an incidental beneficiary of the insurance contract between Tennessee Farmers and DeBruce.

The Court of Appeals reversed, relying in part on our ruling in *Commercial Casualty Insurance Co. v. Tri-State Transit Co. of Louisiana*, 146 S.W.2d 135 (Tenn.

---

[3] Additional policy requirements are:

**Duty to Cooperate with Us**

Following any loss, accident, claim or suit, persons . . . seeking coverage under this policy and any insured must:

1.      cooperate with **us** and anyone **we** name in the investigation, settlement or defense of any loss, accident, claim or suit; and
2.      answer questions in person, under oath in Tennessee when asked by anyone **we** name, as often as **we** ask, . . . ; and
     . . . .

[4] Rule 60.02 allows the court to grant relief "from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud[,] . . . misrepresentation, or other misconduct[;] . . . (3) the judgment is void; (4) the judgment has been satisfied, released or discharged[;] . . . or (5) any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02.

1941). *Tenn. Farmers Mut. Ins. Co. v. DeBruce*, No. E2017-02078-COA-R3-CV, 2018 WL 3773912, at \*8 (Tenn. Ct. App. Aug. 9, 2018). In *Commercial Casualty*, we held that parties injured in a bus accident who had obtained a judgment against the bus operator in an Arkansas state court were necessary parties in a Tennessee declaratory judgment action to resolve coverage issues between the bus operator and its insurance company. 146 S.W.2d at 136–37. Our ruling in *Commercial Casualty* was based, in part, on the assumption that the bus operator was subject to the Federal Motor Carrier Act and its mandatory insurance provisions. *Id.* Here, the Court of Appeals relied on *Commercial Casualty,* noting that drivers in Tennessee are subject to the mandatory provisions of the Tennessee Financial Responsibility Law of 1977, Tennessee Code Annotated section 55-12-101 et seq. *Tenn. Farmers*, 2018 WL 3773912, at \*6. Under the rationale of *Commercial Casualty*, the Court of Appeals decided that Wright had a "sufficiently direct" interest in the coverage determination to make her a necessary party to the declaratory judgment action. *Id.* The Court of Appeals held that without joinder of a necessary party, the trial court lacked subject matter jurisdiction over the declaratory judgment action, and its judgment was void. *Id.* at \*8–9.

## II.

## A.

We review the trial court's ruling denying Wright's Rule 60.02 motion to set aside the default judgment under an abuse of discretion standard. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010); *Rogers v. Estate of Russell*, 50 S.W.3d 441, 444 (Tenn. Ct. App. 2001). The determination that Wright was not a necessary party to the declaratory judgment action was also within the trial court's discretion, and we will uphold the trial court's decision unless we determine that the trial court abused its discretion. *Timmins v. Lindsey*, 310 S.W.3d 834, 839 (Tenn. Ct. App. 2009) (citations omitted).

"A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case 'on a clearly erroneous assessment of the evidence.'" *Henderson*, 318 S.W.3d at 335 (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). We presume that the trial court's discretionary decision is correct, and we review the evidence in the light most favorable to the trial court's decision. *Id.* (quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999) and citing *Keisling v. Keisling*, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005)).

**B.**

Tennessee's Declaratory Judgments Act and declaratory judgments acts in most states are based on the Uniform Declaratory Judgments Act of 1922.[5] We can rely on other states' interpretations of similar provisions of the Uniform Act when interpreting our Declaratory Judgments Act. *Kradel v. Piper Indus., Inc.*, 60 S.W.3d 744, 751 n.2 (Tenn. 2001) (citing *Holiday Inns, Inc. v. Olsen*, 692 S.W.2d 850, 853 (Tenn. 1985); *In re Estate of Opatz*, 554 N.W.2d 813, 816 (N.D. 1996)). Although the decisions of other jurisdictions are not binding on this Court, "'the objective of uniformity cannot be achieved by ignoring utterances of other jurisdictions.'" *T.R. Mills Contractors v. WRH Enters., LLC*, 93 S.W.3d 861, 868 (Tenn. Ct. App. 2002) (quoting *Holiday Inns*, 692 S.W.2d at 853).

Under the Tennessee Declaratory Judgments Act, "[c]ourts . . . have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tenn. Code Ann. § 29-14-102(a) (2012). The Act states that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." *Id.* § 29-14-107(a) (2012).

We liberally construe the Act in favor of the person seeking relief "to the end that rights and interests be expeditiously determined." *Tenn. Farmers Mut. Ins. Co. v. Hammond*, 290 S.W.2d 860, 862 (Tenn. 1956) (citing *Johnson City v. Caplan*, 253 S.W.2d 725, 726 (Tenn. 1952); *Cummings v. Beeler*, 223 S.W.2d 913, 917 (Tenn. 1949)). The stated purpose of the Act is "'to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations[.]'" *Reed v. Town of Louisville*, No E2006-01637-COA-R3-CV, 2007 WL 816521, at *2 (Tenn. Ct. App. Mar. 19, 2007) (quoting Tenn. Code Ann. § 29-14-113).

To achieve the goal of finality and certainty in a declaratory judgment action, all necessary parties must be joined. *Id.* (citations omitted). Parties are determined to be necessary when their absence from the action could cause recurring litigation on the same subject because the declaratory judgment, if rendered, "would not terminate the uncertainty or controversy giving rise to the proceedings." *Id.* (citing *Commercial Cas.*, 146 S.W.2d at 136); *see also Huntsville Util. Dist.*, 839 S.W.2d at 404 (stating that failure to join necessary parties "could result in inconsistent rulings and unnecessary duplicative

---

[5] Alabama, Arizona, Arkansas, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, as well as the U.S. Virgin Islands. Unif. Declaratory Judgments Act refs. & annots., tbl. (1922), U.L.A. DECL JUDG refs & annots. (West).

litigation"); *Edmondson v. Henderson*, 99 S.E.2d 869, 871 (N.C. 1957) (quoting *Equitable Life Assurance Soc'y of U.S. v. Basnight*, 67 S.E.2d 390, 395 (N.C. 1951)) ("'Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties to the suit can be determined.'"). The Act "imposes stricter [joinder] requirements than those imposed generally by Tennessee Rules of Civil Procedure 19.01 and 19.02." *Huntsville Util. Dist.*, 839 S.W.2d at 403. Unless all parties to be bound by the judgment are joined in the action, a trial court has no authority to grant declaratory relief. *Largen v. City of Harriman*, No. E2017-01501-COA-R3-CV, 2018 WL 3458280, at *9 (Tenn. Ct. App. July 17, 2018) (citing *Huntsville Util. Dist.*, 839 S.W.2d at 403).

Whether a party must be joined "'in a declaratory judgment action depends on the type of case and the issues involved.'" *Adler v. Double Eagle Props. Holdings, LLC*, No. W2010-01412-COA-R3-CV, 2011 WL 862948, at *3 (Tenn. Ct. App. Mar. 14, 2011) (quoting *Byrn v. Metro. Bd. of Pub. Educ.*, No. 01-A-019003CV00124, 1991 WL 7806, at *5 (Tenn. Ct. App. Jan. 30, 1991)). Declaratory relief will be granted "only to parties who have a real interest in the litigation and when the case involves present rights that have accrued under presently existing facts." *Dobbs v. Guenther*, 846 S.W.2d 270, 275 (Tenn. Ct. App. 1992) (citations omitted).

Parties who might be remotely affected by the declaratory judgment need not be joined. *Timmins*, 310 S.W.3d at 839 (citing *Shelby Cnty. Bd. of Comm'rs v. Shelby Cnty. Quarterly Ct.*, 392 S.W.2d 935, 940 (Tenn. 1965)). The Act contemplates that there may be parties whose rights are affected but who are not joined in the declaratory judgment action: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, *and no declaration shall prejudice the rights of persons not parties to the proceedings.*" Tenn. Code Ann. § 29-14-107(a) (emphasis added). *See Harp v. Ind. Dep't of Highways*, 585 N.E.2d 652, 658 (Ind. Ct. App. 1992) (quoting *State ex rel. Indianapolis v. Brennan*, 109 N.E.2d 409, 411 (Ind. 1952)) (concluding that this language suggests there might be cases in which all proper parties are not named in the declaratory judgment action and "'it seems certain that [the legislature] did not intend that this defect should in any way affect the jurisdiction of the court to proceed to hear and determine the action"); *Edmondson*, 99 S.E.2d at 871 (indicating that the second part suggests the first part is not mandatory and "conceding without deciding that the practice as to parties may be somewhat liberalized under the Declaratory Judgment Act").

Wright's status as a necessary party hinges on whether she had "any interest which would be affected by the declaration." Tenn. Code Ann. § 29-14-107(a). If Wright was an intended beneficiary of the insurance policy, she would have an interest that would be affected; her non-joinder would impede the resolution of the dispute between Tennessee Farmers and DeBruce and leave open the possibility of additional litigation on the coverage issue.

- 6 -

We presume that contracts, including insurance policies, are for the benefit of the parties to the contract and not for the benefit of third parties. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 896, 899 (Tenn. 2016) (citing *West v. Shelby Cnty. Healthcare Corp.*, 459 S.W.3d 33, 46 (Tenn. 2014); *Owner-Operator Indep. Drivers Ass'n v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001)). A nonparty, such as a claimant, can become an intended beneficiary of an insurance policy when the claimant obtains a judgment against the insured. *See Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42, 56–57 (Tenn. Ct. App. 2006). In Tennessee, a claimant with a judgment against an insured can bring a direct action against the insurance company. *See Leverette v. Tenn. Farmers Mut. Ins. Co.*, No. M2011-00264-COA-R3-CV, 2013 WL 817230, at *27 n.17 (Tenn. Ct. App. Mar. 4, 2013) (citing *Ferguson*, 218 S.W.3d at 55; *Franklin v. St. Paul Fire & Marine Ins. Co.*, 534 S.W.2d 661, 663 (Tenn. Ct. App. 1975)) ("Tennessee, like many states, has allowed injured parties to file suit against insurance companies that have refused to honor the terms of their policies after judgment has been rendered against an insured tortfeasor."). This is consistent with the terms of DeBruce's insurance policy[6] and with the analysis adopted in *Wallis*.[7] It was the intention of Tennessee Farmers and DeBruce that a third party who had obtained a judgment against DeBruce would be entitled to enforce the insurance contract against Tennessee Farmers

---

[6] DeBruce's policy states:

Legal Action Against Us

No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under the Liability Coverage, no legal action may be brought against **us** until **we** agree in writing that the covered person has an obligation to pay, *or until the amount of that obligation has been finally determined by judgment after trial.* No person or entity has any right under this policy to bring **us** into any action to determine the liability of a covered person. (Italicized emphasis added).

[7] In *Wallis*, this Court set out the requirements for a third party to be an intended beneficiary of a contract:

(1) The parties to the contract have not otherwise agreed;
(2) Recognition of a right to performance in the [third party] is appropriate to effectuate the intention of the parties; and
(3) The terms of the contract or the circumstances surrounding performance indicate that either:

    (a) the performance of the promise will satisfy an obligation or discharge a duty owed by the promisee to the [third party]; or
    (b) the promisee intends to give the [third party] the benefit of the promised performance.

509 S.W.3d 886, 889 (quoting *Owner-Operator*, 59 S.W.3d at 70).

to satisfy DeBruce's obligation. Thus, armed with a judgment, Wright would have had a real interest in the contract of insurance—one that the declaratory judgment would affect.

On the other hand, a claimant whose interest has not been reduced to a judgment against an insured has a remote interest that has not accrued into a real interest in the insurance policy. Having only a remote interest, the claimant cannot bring a direct action against the insurance company to recover damages under the policy because of the insured's negligence. *See Prewitt v. Brown*, 525 S.W.3d 616, 621 (Tenn. Ct. App. 2017) (citations omitted); *Ferguson*, 218 S.W.3d at 55–56; *see also Jacoway v. Travelers Co.*, No. 1:18-cv-00200, 2019 WL 591452, at *5–6 (E.D. Tenn. Feb. 13, 2019) (citing *Ferguson*, 218 S.W.3d at 56) (holding that to maintain his claim against the insurance company, the plaintiff in the underlying tort action had to be an intended beneficiary of the insurance contract, which depended on whether he had a judgment against the insured); *Western Express, Inc. v. Villanueva*, No. 3:17-cv-01006, 2017 WL 4785831, at *9 (M.D. Tenn. Oct. 24, 2017) (citing *Ferguson*, 218 S.W.3d at 42, 55) (observing that under Tennessee law, a person who is not a party to the insurance contract and does not have a judgment against the insured cannot bring a direct action against the insurance company, and an insurance company does not become legally obligated to pay the plaintiff's damages unless the obligation has been established by entry of a judgment against the insured); *Mauriello v. Great Am. E&S Ins. Co.*, No. 3:11-CV-432, 2013 WL 870610, at *4 (E.D. Tenn. Mar. 7, 2013) (citing *Ferguson*, 218 S.W.3d at 58–59) (finding that, as in *Ferguson*, the plaintiff could not recover under the insured's policy because she was not an intended third-party beneficiary of the insurance contract).

Wright's claim had not been reduced to a judgment and thus she had no interest that would be affected by the declaratory judgment action. Wright's joinder would not have prevented the default judgment from being entered against DeBruce. Wright's absence from the litigation did not impede the full termination of the controversy between Tennessee Farmers and DeBruce. *See, e.g., Cont'l Cas. Co. v. West Mach. & Tool, Inc.*, No. Civ.A.603CV447, 2004 WL 1445812, at *1 (E.D. Tex. June 22, 2004) (finding that plaintiff in the underlying tort lawsuit was not a necessary party to the declaratory judgment action to determine coverage because even though he had a "strong interest" in the outcome of the coverage action, his participation in that action would not affect the default judgment against the insured who failed to appear, he could not answer the lawsuit for the insured, and he could not overcome the insured's failure to appear); *Connolly v. Great Basin Ins. Co.*, 431 P.2d 921, 927 (Ariz. Ct. App. 1967) (noting that the interests of the insured (being protected from a lawsuit) and of the injured party (recovering compensation) are separable).

Here, the justiciable dispute was only between Tennessee Farmers and DeBruce. *See Connolly*, 431 P.2d at 927 (stating that a justiciable controversy exists between the insurer denying coverage and the insured seeking coverage, and this controversy may be litigated without the injured party with no jurisdictional defect); *see also Hartman v.*

*United Heritage Prop. & Cas. Co.*, 108 P.3d 340, 343–44 (Idaho 2005) (quoting *Temperance Ins. Exch. v. Carver*, 365 P.2d 824, 826 (Idaho 1961)) (noting that injured third parties are proper but not necessary in a declaratory judgment action to determine coverage). Relying on *Commercial Casualty*, the Court of Appeals erred in deciding that Wright was a necessary party. *Commercial Casualty* involved plaintiffs who had obtained a judgment against the insured, unlike Wright who had only sued the insured. *Commercial Cas.*, 146 S.W.2d at 136. This is a critical distinction.

## III.

We hold that the trial court did not abuse its discretion in denying Wright's Rule 60.02 motion to set aside the default judgment and denying her request to intervene in the declaratory judgment action between Tennessee Farmers and DeBruce. We tax the costs of this appeal to Christina Wright for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE